LEVERING and MORTON, Plaintiffs in Error, vs. P. G. WASHINGTON, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

One Randall made his note payable to the order of Andrew Levering and William II. Morton, assignees, the payees endorsed it, and Randall delivered it so endorsed to the holder.   He seeks to charge them as makers as well as endorsers.   *Held*—That they cannot be held as makers, and parol testimony cannot be introduced to show that they made a contract by which they might be held other than as endorsers.   Their contract is the ordinary one of endorsers of commercial paper.

The repeal of the act allowing notices of protest to be deposited in the Post Office at the place of residence of the endorser, left the protest of notes to be governed by the rules prevailing at Common Law.   These required personal notices to endorsers residing at the place of payment,

and notices through the Post Office would not bind such endorsers. The repeal of the act did not impair the obligation of the endorsers, and imposed no restriction upon the holder. The law in existence at the date of the contract did not become a part of it, and the protest should be in accordance with the laws in force at the date of protest.

The following are the points and authorities relied upon by the Counsel for the Plaintiffs in Error:

There is no better settled principle in the commercial law, than that as between the original parties to a note or its transfer, a party *apparently* liable on the face of the instrument to the holder, may, for any cause, show by parol that in point of fact he is not so liable.

Thus, it is a familiar principle that a party may show by way of defence, want, failure, or illegality of consideration. It is also a principle equally familiar that a party may show as a defence that he was an accommodation maker or endorser for the Plaintiff, of the note or bill sued on, although appearing otherwise on the face of the instrument, and this upon the ground that he entered into no contract to pay *him*, but the reverse, which fact may also be shown by parol. And it is precisely upon the same principle that our defence is based in the case before the Court. This species of proof is considered as no more altering or varying the written instrument than proof of want of consideration, and so well settled is the law upon this point, that it may seem superfluous to cite authorities. *Stackpole vs. Arnold*, 11 *Mass.* 32; *Susquehanna Bridge & Bank Co. vs. Evans*, 4 *Wash. C. C.* 480; *Brouck vs. Thompson*, 1 *Bail.* 322; *Wright vs. Latham*, 3 *Murph.* 298; *Hill vs. Ely*, 5 *Ser. & Rawle*, 363; *Pike vs. Street*, 1 *Wood & Walk.* 226–7, and note; *Goupy vs. Harden*, 7 *Taunt.* 163; *Butler vs. Suddeth*, 6 *Monroe*, 541; *Daniels vs. McRae*, 2 *Hawks*, 590; *Perkins vs. Catlin*, 11 *Conn.* 213; *Barker vs. Prentiss*, 6 *Mass.* 430–3–4; *Smith vs. Barber*, 1 *Root*, 207; *Lonsdale vs. Brown*, 3 *Wash. C. C.* 404; *Dean vs. Hall*, 17 *Wendell*, 214–15, *et sequ.*; *Brent's Ex'rs vs. Metropolis Bank*, 1 *Peters*, 89; *Barrows vs. Lane*, 5 *Verm.* 161; *Fuller vs. McDonald*, 3 *Greenleaf*, 213.

It is a well settled principle that where a writing has been executed by way of part performance merely of a contract, or where the writing only in part expresses the contract, leaving

the law to imply the balance, as in case of a blank endorsement upon a note, parol evidence is admissible, to prove collateral and independent facts, about which the writing is silent. *Shepherd vs. Temple*, 3 *N. H.* 455; *Reub vs. McAllister*, 8 *Wend.* 116; *McCulloch vs. Girard*, 4 *Wash. C. C. R.* 289; *Gerrish vs. Washburn*, 9 *Pick.* 338; *Hall vs. Macubbin*, 6 *Gill & John.* 107–110; *McCreary vs. McCreary* 5 *Gill & John.* 147–156; *Kelsey vs. Dickson*, 2 *Blackf.* 236; 3 *Id.* 189; *Hunt vs. Adams*, 6 *Mass.* 519–524; *Baker vs. Prentiss, Id.* 434.

Furthermore, it is a fraud in the Plaintiff to attempt to charge the Defendants Levering and Morton upon their endorsement, under the circumstances and understanding as set forth in the answer, and parol evidence is admissible to show it. *O'Hara vs. Hall*, 4 *Dall. Pa.* 341; *Baring vs. Shippen*, 2 *Bin.* 162; *Jackson vs. Bowers*, 1 *Caine's Rep.* 359; *Mageehan vs. Adams' lessee*, 2 *Binn.* 109; *Vroom vs. Phelps*, 2 *John.* 177; *McFarren vs. Powers*, 1 *Serg. & Rawle*, 102; *Barndollar vs. Tate, Ibid.* 160; *Wallace vs. Baker*, 1 *Binn.* 616; 5 *Binn.* 469; *Oxley vs. Biddle*, 2 *Dall. Pa.* 171; *Christ vs. Diffenbach*, 1 *Serg. & Rawle*, 464; *Herrick vs. Carman*, 10 *John.* 224; *Woodhull vs. Holmes*, 10 *John.* 231; *Shelding vs. Haight*, 14 *John.* 274; *Baker vs. Prentiss*, 6 *Mass.* 434.

The following are the points and authorities relied upon by the Defendant in Error.

*First.*—The Notary's certificate attached to the note upon which this action is founded is sufficient evidence to show *prima facie* a demand and notice to the Defendants within the rule of commercial law; for a notice through the post office is sufficient, where the party to be charged lives at a City, but without the business limits thereof, and the fact of a residence actually within the limits that would acquire personal notice is a matter of defence. *Bank of Columbia vs. Lawrence*, 1 *Peters S. C. R.* 578; *Bank of the United States vs. Carneal.* 2 *ib.* 543; *See note to first case cited in* 1st *Am. Leading cases, p.* 400.

*Second.*—The pleadings in the case show that the Defend-

ants Levering and Morton wrote their names on the back of said note, at its inception and before its delivery to the Plaintiff, and that the Plaintiff took the same on the faith and credit of their promise to pay, made and expressed by the writing of their names theron ; that the defendants never had any interest in said note subject to transfer by endorsement, and never did transfer or undertake to transfer the same by endorsement ; and the undertaking and promise of the Defendants, was the undertaking and promise of *original makers ;* and the Defendants are chargeable on the pleadings in the case as original makers of the said note ; and were not entitled to the notice requisite to be given to a commercial endorser. *Marienthal, Lehman & Co.* vs. *H. J. Taylor, decided January term, this Court ; Thompson* vs. *McComb, Simpson & Co., decided January term of this Court ; Pierce* vs. *Irvine, Stone & McCormick,* 1st *Min. R.* 370 ; *Joselyn* vs. *Ames,* 3 *Mass.* 273.

*Third.*—It appears from the answer of the Defendants that when they endorsed the note in question, they were assignees of Wm. H. Randall, the maker, under a *general assignment,* for the benefit of creditors, and held all the property of said Randall under their control in trust for the payment of *this* as well as the other debts of said Randall ; and they must have endorsed the note, relying on their ability to meet it at maturity, out of the assetts so under their control ; and from these facts so set forth the presumption of their secondary liability *only* is changed into a presumption of *primary liability,* and like the drawers of Bills of Exchange, who draw without expectation of assetts in the drawee, they are not entitled to notice of dishonor. *Story on Bills of Exchange* § 311 *and note and authority cited.*

*Fourth.*—The law relating to protest of notes, allowing the service of notice of protest, by mail, through the post office, in force when the note in question was made and endorsed, became a part and parcel of the contract, the same as though the principles and provisions of the law had been reduced to writing, and incorporated in the contract, when the same was made ; and as to *this* contract, the law so in force, and not the law of July 26, 1858, applies and governs. Any law subse-

quent to the time of the contract, changing the essentials of demand and notice required by the law when the contract was made, or disallowing any of the methods of protest, and means to charge the endorsers, that then were good and valid and sufficient, and imposing additional requirements and burdens to effect that purpose, impairs the obligation of the contract, and is of no effect as to contracts made and existing prior to its enactment. *See R. S., p.* 43, *and amendments in Laws of* 1856, *p.* 9; also, *Brunson vs. Kenzie*, 1 *How. Sup. C. R.* 311; *Grantley's lessee vs. Ewing*, 3 *do.* 707; 8 *Black.* (*Ind. R.*) 58; *Green vs. Biddle*, 3 *Wheat.* 844; *McCracken vs. Heyward*, 2 *How. S. C. R.* 608.

*Fifth.*—The Notarial Act of July 26, 1858, repealing the prior acts of 1851 and the amendments of 1856, had not on the 14th August, 1858, the time of the protest of the note in question, been published in due form, and was not then a law of the State. *R. S. of Min., Ch.* 2, *Sec.* 2, *p.* 33 *and* 34.

*Sixth.*—The fact that the Defendants Levering and Morton endorsed the note as assignees of Wm. H. Randall, and were then such assignees under a general assignment for the benefit of creditors, does not relieve them in any respect from a personal and individual liability thereon. Assignees for the benefit of creditors have not authority by virtue of their power under the trust to use the name of the assignor on negotiable paper, and the rule is well settled that a person who assumes to contract for another, must see to it that his principal is legally bound by his act; for if he does not give a right of action against his principal, the law *holds him personally.* The contract being the contract of *some one,* it can be the contract of themselves only. 8 *Cow.* 32; 9 *John.* 334; *Randall, vs. Van Detchin,* 19 *John.* 63; *Mann vs. Heffeman,* 13 *John.* 58; *Skinner vs. Dayton,* 19 *John.* 558; *Mott vs. Hicks,* 1 *Cow.* 536; *Arfridson vs. Ladd,* 12 *Mass.* 174.

*Seventh.*—The new matter in the answer, setting forth that the Defendants endorsed the note, "that it might be considered in the distribution of assetts of Wm. H. Randall," and "not for the purpose of making themselves liable," is no defence; for their contract, whatever it was, was in *writing,*

endorsed on the note, and they are bound by that written contract, and so far as their liability on that written contract is concerned, it is wholly immaterial what was or might have been their intention or purpose *in fact.* Their purpose and intention *was a matter of law,* and is a part of the legal effect of the written agreement, and by it they are conclusively bound. No parol agreement or understanding made at the time, can vary or change the contract in writing. A party cannot say that he made a promise to pay *with an intention not to pay.* The *law* fixes the purpose, object and intention of the act to the act, and they cannot be separated. 3 *Phillip's Ev.* (*Cowan & Hill's Notes*) *p.* 1460 *and cases cited, also p.* 1466; 1 *Ross' Leading Cases, p.* 172, *which is the case of Woodbridge vs. Spooner;* 3 *B. & Al.* 233, *Eng. Com. Law Rep., Vol.* 5, *Sec.* ———; *Bank of United States vs. Dunn,* 6 *Peters' Sup. Court Rep.,* 55 (*overruling the principle of case* 4 *Wash. C. C. R.* 480, *referred to in Pl'ffs Brief ;*) *Barry vs. Morse,* 3 *N. & C. Rep.* 132; *Hightown vs. Joy,* 2 *Porters' Rep.* 308.

*Eighth.*—The law allowing parol evidence to show that a party apparently liable on a promissory note was really an agent in the transaction referred to by the Plaintiffs in Error, is of very doubtful authority, and is rejected by most of the States. *Stackpole vs. Arnold,* 11 *Mass.* 27; *Shankland vs. Arnold* 5 *Peters* 390, 394.

Still, conceding it to be law, it has no application to our case, for it is not pretended that Levering and Morton promised any one but themselves, *or had any authority to bind any one as principal.* They concede, they bound themselves, if any one.

*Ninth.*—The defence of fraud is not interposed in the answer of Defendants. If there is any fraud it must arise out of the facts *alone* as stated in the answer, *and must be expressly charged therein.*

The attempt to charge the Defendants on their endorsement, is no fraud. If so, we might with more propriety urge that their *attempted defence* was a fraud in the Defendant on us. But there is no fraud in the case. It is purely a question of evidence, whether a pretended contemporaneous under-

standing can annul the written contract. All the cases cited by Plaintiffs in Error, that *touch* the point they raise, are Pennsylvania authorities, and depend for their sanction solely on the peculiar jurisprudence of that State, which had no *Court of chancery, or Court authorized to exercise equity jurisdiction*, and the peculiar rules of evidence on this subject grew out of that fact as the cases themselves admit. *See Hill vs. Ely*, 5 *Sergeant & Rawle* 363, *cited by Plaintiffs in Error, and* 6 *Peters* 55, *cited above*. Eight of the cases cited are Pennsylvania, and *none* of the others are in point at all.

*Tenth.*—There is no ambiguity in the contract of the Defendants Levering and Morton. The contract itself shows no patent ambiguity, and the whole averments of the answer show no *latent* ambiguity. The agreement admits of but *one* construction, and is not double or uncertain, whatever be the law as to the liability¡ of Defendants. 1 *Green's Evidence, Sec.* 297.

Smith & Gilman, Counsel for Plaintiffs in Error.

Geo. L. & E. A. Otis, Counsel for Defendant in Error.

*By the Court*—Atwater, J. This case comes up on Writ of Error to the District Court of Ramsey County, the Plaintiffs in Error being Defendants below. The cause of action arose upon a promissory note, reading as follows, viz:

$202,00.                          St. Paul, Aug. 27, 1857.

Twelve months after date I promise to pay to the order of Andrew Levering and William H. Morton, assignees, two hundred and two dollars, with interest at three per cent. per month, value received.

WM. H. RANDALL.

The amended complaint alleges in substance, that on or about the 12th of October, 1857, the Plaintiff had owned and was seized and possessed of a valid claim against said Randall for money loaned, amounting to the sum specified in said note, and that for the purpose of securing to the Plaintiff the aforesaid claim and indebtedness, the Defendant Randall made, and the Defendants Levering and Morton endorsed, said note,

42

at the time of the making thereof, for the purpose aforesaid; the endorsement being as follows, to wit; "Andrew Levering, William H. Morton, assignees of Wm. H. Randall:" that after said note was so made and endorsed, for the purpose of securing to the Plaintiff the claim aforesaid, the Defendant Randall delivered said note to the Plaintiff, &c. The further usual allegations in like cases are made, with statement of demand and notice of protest.

The answer sets up want of consideration on the part of Defendants Levering and Morton, with denial of due notice of protest. The cause was tried by the Court and judgment rendered in favor of the Plaintiff.

The Plaintiff attempts to charge the Defendants on two grounds—as original makers and endorsers. In support of the first, we are cited to *Marienthal, Lehman & Co. vs. H. J. Taylor*, 2 *Min.*, 147; *Thompson vs. McComb, Simpson & Co.*, id. 139; *Pierce vs. Irvine, Stone & McCormick*, 1 *Min.* 370; *Josselyn vs. Ames*, 3 *Mass*, 373. None of these cases support the position taken by the counsel for the Defendants in Error. The first three hold that a stranger endorsing a note in blank, at the time of its inception and before delivery, for the purpose of securing the note, may be held as an original maker. The Massachusetts case was that of a guarantee by the Defendant of a non-negotiable note. The reason for the rule established in the Minnesota cases above cited, does not apply to the case at bar. As the party writing his name on the back of the note in those circumstances, could not be held as endorser of the payees, his liability as maker is recognized to prevent an entire failure of his contract.

But no such necessity exists in the present case, in order to hold the Defendants responsible. Their contract is the ordinary one of endorsers of commercial paper. Their written agreement goes to that extent, and they must be held as such, if at all. We find no authority which holds that parol testimony may be introduced to show that the Defendants made a contract, by which they may be held other than as endorsers. The rule of law on this subject is well settled, on principles of reason and justice, and should not be disturbed.

This brings us to the question, whether the Defendants can be made liable as endorsers. The Defendants resided in St. Paul. The notice of protest was deposited in the Post Office at St. Paul, and directed to them at that place. The statute in force at the time of the making of the note, permitted of service of notice of protest in that manner. *Session Laws,* 1856, *p.* 9, *Sec.* 5. This Act was repealed July 26, 1858. (*Stat. Min., p.* 133.) The repeal of that Act left the protest of notes to be governed by the same rules as prevailed at common law. These required, that where the endorsers resided in the same town where the note was payable, the notice to the endorsers must be personal and not through the Post Office. *Sheldon vs. Behram,* 4 *Hill,* 129; *Ransom vs. Mack,* 2 *Hill,* 587; *Cayuga Bank vs. Bennett,* 5 *Hill,* 236; *Ireland vs. Kip,* 10 *John. R.* 490; 18 *Martin's Rep.,* 506; 3 *Kent, p.* 107, 4*th ed.*

But the counsel for the Defendant in Error claims that the law in existence at the time of the making and endorsing the note must govern, as to the manner of serving notice of protest,—that it became a part and parcel of the contract, the same as though the principles and provisions of the law had been reduced to writing and incorporated in the contract—in other words, that the law was unconstitutional as to existing contracts of this kind when the law was passed. This position cannot be sustained. The repeal of the Act does not in the slightest degree impair or affect the obligation of the Defendants upon their note. It releases them from no liability as to person or property on their contract, nor imposes any restriction upon the Plaintiff as to the time or manner of enforcing his claim against the Defendants. It can scarcely be said in any manner even to affect the remedy of the Plaintiff, and at all events, is much less open to objection on this score, than enactments to which the same objections have been urged, but which have been sustained both by this, and the Courts of other States. The principle is so fully discussed in the case of *Grimes vs. Bryne,* 2 *Min.,* 87, that it is unnecessary to enlarge upon the point in this connection.

The judgment of the Court below is reversed, and judgment ordered in favor of the Defendants.