DANIEL HAMER, RESPONDENT, vs. C. E. BRAINERD,
AND ANOTHER, APPELLANTS.

NEGOTIABLE INSTRUMENTS.—FORGED DRAFTS.—DEMAND AND NOTICE.
—In an action by plaintiff to recover money paid to defend-
ants without any consideration and through mistake, where
defendants had assigned to plaintiff a forged bill of exchange,
the said plaintiff as indorsee may maintain an action against
his indorsers for a recovery of the amount paid for the bill,
without proof of demand and notice.

APPEAL from a judgment of the district court of the
first district and from an order overruling a motion for
a new trial.

The pleadings in this action were as follows: The com-
plaint alleged the purchase of the bill from the defend-
ants under the belief that it was genuine, that it was in
fact forged and raised from six dollars and fifty cents to
six hundred dollars, that the said bill had been presented,
payment refused, and the bill duly protested, that no
part of the consideration had been paid back, and asked
for judgment for the amount paid with interest. The
answer of defendants alleged that in the transaction they
were the agents of another, and that the fact of their
agency was at the time disclosed to plaintiff, that they
had paid to their principal the sum received, that when
they sold the draft to plaintiff they believed it was
genuine, and that the signature of the drawer was genu-
ine, and denied all knowledge of its being forged until
long after the transaction.

On the trial plaintiff rested without introducing testi-
mony. Motion for non-suit was made and overruled.

Defendants then introduced the draft with its indorsements, showing it was drawn by Zion's Bank on Richard & Co., indorsed to Brainerd & Robinson by Field, indorsed to plaintiff by Brainerd & Robinson, indorsed by plaintiff, indorsed by bank at Ogden, and marked on the face paid Oct. 22, 1889, C. B. Richard & Co. Defendants then rested. Plaintiff in rebuttal testified that he had refunded to the bank at Ogden the amount he received from it, and nothing had ever been paid to him by the defendants. The court instructed the jury to find a verdict for the plaintiff. The other facts appear in the opinion.

*Messrs. Smith and Smith,* for the appellants.

*Messrs. Evans and Rogers,* and *Mr. Jacob S. Boreman,* for the respondent.

ZANE, C. J.:

It appears from the evidence in this record that Zion's Savings Bank & Trust Company, by its cashier, drew a bill of exchange for the sum of $6.50 on C. B. Richards & Co., of New York, payable to the order of one J. S. Field; that the latter indorsed it to Brainerd & Robinson, and that they assigned it to the plaintiff for the consideration of $500 in cash and $100 due on a real-estate transaction. It also appears that the draft had been raised to $600 before the assignment to the plaintiff. The plaintiff also assigned the bill; and when the forgery was discovered, and the maker refused to pay, the plaintiff refunded the $500 to his assignee, and brought this suit against the defendants to recover the amount so paid by him to the defendants. Upon the trial the jury found a verdict for the plaintiff for that

amount and interest, and, a motion for a new trial having been denied by the court, a judgment was by it entered upon the verdict. From this judgment the defendants have appealed, and insist that it was erroneous, because the evidence was insufficient to authorize the verdict, in the absence of proof of demand and notice.

This is not an action based upon the assignment. It is an action to recover the amount paid by the plaintiff to the defendants without any consideration and under a mistake. To permit them to retain such consideration would, in effect, give them so much of plaintiff's money, obtained under a mistake, and without any consideration to plaintiff, and without fault on his part. There is a conflict in the authorities as to the necessity of demand and notice when the indorser does not receive the consideration for the transfer of title, as when he is a mere accommodation indorser. The drawee of a bill is presumed to know the signature of the drawer, and he must determine as to its genuineness and refuse payment; if not, he pays at his peril. Not so, however, as to the other signatures on it, or the writing in the body of it. As to those and such writing he must use reasonable care to prevent being imposed upon; and so, as to the drawer, he is presumed to know his own signature, and to be able to determine whether the amount named in it has been raised, and the law requires him to give prompt notice to the drawee of such forgeries. Some cases hold that demand and notice should be averred and proven when the action is upon the assignment to recover back the consideration paid; but when the action is to recover on the ground of want of consideration and mistake they hold no such demand or notice necessary to be averred or proven.

The law applicable to the facts of this case is stated, as we hold, in sections 669a and b, Daniels, Neg. Inst.:

"The indorser engages (1) that the bill or note will be accepted or paid, as the case may be, according to its purport; but this engagement is conditional upon due presentment or demand and notice; he also engages (2) that it is in every respect genuine; (3) that it is the valid instrument it purports to be; (4) that the ostensible parties are competent; (5) and that he has lawful title to it and the right to indorse it. And if it turns out that any of these engagements but that first named are not fulfilled, the indorser may be sued for a recovery of the original consideration which has failed, or be held liable as a party without proof of demand and notice. The doctrine of the text that in such cases the indorser is bound without demand or notice undoubtedly applies when he indorses with knowledge of the infirmity that renders the instrument void; and such knowledge is necessary to make him so liable, according to some authorities. But the better opinion is, we think, that he is at least bound to refund the consideration paid him upon the transfer if the instrument is void, for it is not then the thing which it purported to be, and which he impliedly represented it to be. If he be a mere accommodation indorser, receiving no part of the consideration, it has been cogently argued and has been held that he is not responsible for any alteration which may have avoided the instrument, unless there was due demand and notice. But the consideration paid the party accommodated is in such case attributable to him, and he would seem to us to stand as a surety, bound to refund it; and the rule exacting notice to hold an indorser liable seems to us, to apply to cases in which he warrants payment at maturity and not to those cases in which he passes an instrument affected by some vice, which renders it in fact not the bill or note it purports to be." Under the facts of this case we hold that an offer to

return the bill or a demand and notice was not necessary to be averred and proven. We find no error in the record. Judgment of the court below affirmed.

ANDERSON, J., and BLACKBURN, J., concurred.