ANDREW P. YOUNGBERG *vs.* OLE T. NELSON.

Argued Oct. 12, 1892.  Decided Oct. 29, 1892.

### Parol Evidence to Contradict Indorsement "Without Recourse."

Where a bill or note is transferred by indorsement "without recourse," parol contemporaneous evidence that the indorser guaranteed payment is inadmissible, because contradictory of the terms of the written contract.

Appeal by defendant, Ole T. Nelson, from an order of the Municipal Court of Minneapolis, *Elliott*, J., made February 11, 1892, refusing a new trial.

This action was brought by the plaintiff, Andrew P. Youngberg, against the defendant, on an oral contract of guaranty.  Nelson held a note made by one Raftery for $200.  He sold the note to plaintiff in part payment for a horse and carriage, and transferred it to him by indorsing it "without recourse."  On the trial parol testimony was admitted tending to show that defendant, at the time of the indorsement and delivery of the note, verbally guaranteed its payment. The jury found a verdict of $200 for the plaintiff; and from an order denying his motion for a new trial, defendant appeals.

*Gjertsen & Rand,* for appellant.

An indorsement "without recourse" relieves the indorser from any responsibility as a party to the bill or note.   1 Daniel, Neg. Inst. §§

670, 700; 2 Randolph, Com. Paper, § 720. Thus an indorsement without recourse is clearly repugnant to a contract of guaranty, and parol evidence of the latter is inadmissible.

*F. B. Wright,* for respondent.

An indorsement "without recourse" simply releases the indorser's liability as indorser. Edwards, Bills and Notes, § 398. It is not repugnant to a contract of guaranty. The two are separate and independent, and a restriction of liability as indorser, is not a restriction of liability as guarantor.

MITCHELL, J. The defendant transferred the promissory note of a third party to plaintiff by indorsement "without recourse," and the only question necessary to be considered is whether evidence of a contemporaneous oral guaranty of payment was admissible.

We are clearly of the opinion that the case falls within the familiar elementary rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written contract.

The parties have put their engagement into writing (as evidenced by the qualified indorsement) in terms that are certain as to the object and extent of such engagement. It is therefore conclusively presumed (in the absence of any showing of fraud or mistake) that their whole engagement on the subject covered by the indorsement was reduced to writing.

While, by the very act of transferring paper, whether by indorsement or mere delivery, a party engages that it is what it purports to be,—the valid obligation of those whose names are upon it,—and that he has good title to it, yet when the indorsement is "without recourse" the indorser specially declines to assume any responsibility for its payment. According to the meaning of the terms in the law merchant, this is the express condition of the contract, as much as if stated in detail in so many words. That evidence of a contemporaneous oral agreement that the indorser should be liable, as guarantor, for the payment of the note, would vary and contradict the terms of such a written contract, would seem self-evident.

This court has steadily held, from the early cases of *Levering* v.

*Washington,* 3 Minn. 323, (Gil. 227,) and *Kern* v. *Von Phul,* 7 Minn. 426, (Gil. 341,) down to *Farwell* v. *St. Paul Trust Co.,* 45 Minn. 495, (48 N. W. Rep. 326,) that the implications and intendments which the law merchant has attached to blank indorsements of negotiable paper render them express and complete contracts, which cannot be varied or contradicted by parol; as, for example, that an indorser cannot show that the indorsement was merely for the purpose of transferring title, and that there was an oral agreement that it was to be without recourse.

If this rule is applicable when invoked against the indorser, it must also be so when invoked in his favor. Neither can it make any difference whether the indorsement is qualified or unqualified.

Order reversed.

(Opinion published 53 N. W. Rep. 629.)