## COBB *v.* JOHNSON.

1. Where a landlord entered into a written contract with his tenant, in which it was stipulated that the landlord should receive one fourth of all the cotton, corn, and fodder raised on the place, as rent, "and at the expiration of five years, or when the said [tenant] shall leave the place, he is to leave the seed out of sixteen bales of cotton on the place," and where the landlord sold the plantation and endorsed on the contract

a transfer of "the within contract" to the purchaser, this transferred to such purchaser the right which the landlord had in respect to the seed of sixteen bales of cotton. And where, during the continuance of the term of rental, the purchaser declined to allow certain cottonseed on the place to be taken possession of by the former owner, with the assent of the tenant, as being the cottonseed referred to in the contract, such former owner had no right to recover them from his purchaser and transferee in an action of trover.

2. The written contract and the transfer thereof being plain and unambiguous, parol evidence conflicting with them was not admissible.

Argued June 6,—Decided November 9, 1906.

Trover. Before Judge Faircloth. City court of Wrightsville. September 28, 1905.

Johnson rented a place to Dudley for five years. The contract, which was in writing, stipulated that he should receive as rent one fourth of all the corn, cotton and fodder raised; "and at the expiration of five years, or when the said J. D. Dudley shall leave the place, he is to leave the seed out of 16 bales of cotton on the place." Johnson sold the plantation in December, 1903, to Cobb, the present defendant, and made him a warranty deed thereto. He also endorsed on the contract of rent with Dudley and signed the following: "W. T. Johnson having sold said land to A. T. Cobb, I hereby transfer the within contract to him. Dec. 11, 1903." Johnson testified, that in the fall of 1904, Dudley said he was thinking of leaving the place, and would deliver the seed, though the contract of rental would not expire by its terms till 1908; that Dudley told him to come to the place and get the seed, which were there in the seed-house, and said he (Dudley) would deliver them, if Johnson would go for them. When plaintiff went for them, however, they were locked up, and the defendant declined to let him have them. He brought an action of trover to recover them. After a verdict in his favor, defendant moved for a new trial on the following, among other, grounds: (1) Because the verdict was contrary to law and evidence and without evidence to support it. (2) Because the court erred in allowing plaintiff to testify as follows: "I lent Dudley, when he started on the place, the seed out of sixteen bales of cotton; and he was to leave an equal amount of seed on the place for me, if he should leave the place before the expiration of five years, or at the end of his rental term, five years, if he remained on place so long." This was ob-

jected to because the contract was in writing and could not be varied or explained by parol. (3) Because the court erred in allowing plaintiff to testify as follows: "In the fall of 1904 I saw Mr. Dudley here (Wrightsville), and talked with him about my seed. He said he had decided to return them to me then; said he was thinking of leaving the place, told me to come to his place and get them; that they were down there in the seed-house. I asked him if he would deliver them to me should I go for them. He said 'Yes.'" This was objected to because it was hearsay, not in defendant's presence, and irrelevant. (4) Because the court erred in allowing plaintiff to testify as follows: "Mr. Dudley had already delivered them to me by word of mouth before I went for them." This was objected to because no authority was shown in Dudley to make delivery of the seed; because "word of mouth" did not constitute any delivery; and because the evidence was hearsay and irrelevant. (5) Because the court erred in allowing plaintiff to testify as follows: "The seed were not conveyed to Mr. Cobb in the contract of rent, which I transferred to him after selling the place to him." This was objected to because the contract was in writing, and being plain and unambiguous could not be changed, contradicted, or explained by parol. The motion was overruled, and the defendant excepted.

*Daley & Bussey,* for plaintiff in error.

*J. L. Kent,* contra.

LUMPKIN, J. (After stating the facts.)

1. When the landlord sold and conveyed the plantation, and transferred to the purchaser the contract of lease or rent, without reservation, this included all his rights under that contract, one of which was the right to have the seed from sixteen bales of cotton left on the place at the expiration of the lease or the removal of the tenant. As a part of the contract, the right to enforce this agreement passed to the purchaser, under the assignment of the whole. Nothing was left in the plaintiff to enforce; and no right to recover in trover existed in him. The transfer was plain and unambiguous. It needed no explanation, and was not subject to contradiction by parol evidence.

2. The right of Johnson in respect to the cottonseed having passed to Cobb by the transfer, a conversation between Johnson and the tenant thereafter could not affect the rights of Cobb, the

purchaser. Nor was it admissible against him to show that the tenant was willing to deliver the seed to Johnson, in the absence of Cobb and without his consent. If Johnson did not intend to transfer to Cobb all his rights under the contract, he should have so stated in the writing. A man can not convey all in writing and reserve some by parol. Having no right to the seed, it follows that the plaintiff had no right to recover them or their value.

*Judgment reversed. All the Justices concur.*