*James R. Whitaker,* contra.

---

### 9856. ODOM REALTY COMPANY v. CENTRAL TRUST COMPANY.

WADE, C. J. 1. A blank indorsement is subject to explanation by parol testimony. Civil Code, § 5796; *Cobb* v. *Johnson,* 126 *Ga.* 618 (55 S. E. 935); *West Yellow Pine Co.* v. *Kendrick,* 9 *Ga. App.* 350, 352 (71 S.

E. 504); *Proctor* v. *Royster Guano Co.*, 21 *Ga. App.* 617 (94 S. E. 821). Where, however, as in the case under consideration, the indorsement is one "in full," though followed by the words "without recourse," parol evidence is not admissible to explain or vary its plain and unambiguous terms. See *Meador* v. *Dollar Savings Bank*, 56 *Ga.* 605; *Youngberg* v. Nelson, 51 Minn. 172 (53 N. W. 629, 38 Am. St. R. 497); *Cross* v. Hollister, 47 Kan. 652 (28 Pac. 693 (2). The phrase "without recourse," added to the full indorsement, restricts it in certain particulars, but does not in anywise effect the parol-evidence rule stated above. *Youngberg* v. Nelson, supra; 3 R. C. L. § 184, p. 974 (notes 16, 17).

2. An indorsement of a promissory note is a warranty to every subsequent holder in good faith that the instrument and all antecedent signatures are genuine; and even where a prior signature is a forgery, the indorser is at once liable upon his warranty to subsequent holders, without any presentment for payment or notice of non-payment. 3 R. C. L. § 381, p. 1164; *Turnbull* v. *Bowyer*, 40 N. Y. 456 (100 Am. D. 523). The indorser of a forged bill is liable for the consideration which has failed, without proof of demand. *Hamer* v. *Brainerd*, 7 Utah, 245 (26 Pac. 299, 12 L. R. A. 434). See also 7 Cyc. 961; Daniel on Negotiable Instruments, § 669.

3. The judge of the superior court did not err in sustaining the certiorari, and in rendering judgment in favor of the plaintiff, since the evidence (after the proper rejection of the proffered parol testimony to explain the indorsement of the payee) demanded a verdict for the plaintiff, therefore rendering it useless to remand the case for a rehearing, since no question of fact was involved with the parol evidence excluded.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED OCTOBER 16, 1918.

Certiorari; from Bibb superior court—Judge Mathews. April 25, 1918.

*L. D. Moore*, for plaintiff in error.   *R. S. Wimberly*, contra.