### 39982. CITIZENS & SOUTHERN BANK OF ATLANTA v. DANIEL.

Decided February 15, 1963—
Rehearing denied February 26, 1963.

400

*Hewitt H. Covington, Alston, Miller & Gaines, John R. Crenshaw,* for plaintiff in error.

*Noah J. Stone, Hugh W. Stone,* contra.

HALL, Judge. The question here is whether the defendant is liable to the plaintiff on his general endorsement of the check by reason of the implied warranty that all preceding endorsements were genuine and that he had good title to the check in accordance with Section 66 of the Negotiable Instruments Law (*Code* § 14-607). A general endorsement on a negotiable instrument is binding "even where a prior signature is a forgery." *Odom Realty Co. v. Central Trust Co.,* 22 Ga. App. 711 (2) (97 SE 116). The question arises because the check had printed on its face "Void if not cashed in 60 days," and it was presented to and cashed by the plaintiff sixty-one days after the date it was issued.

We are of the opinion that the provision printed on the face of the check, "Void if not cashed in 60 days," is binding and enforceable as an agreement between the parties to shorten the statutory period prescribed by law for the enforcement of contracts. 1 Paton's Digest 802, § 2B:1, and 1110, § 20:5; accord, *Farmers Bank of Nashville v. Johnson, King & Co.,* 134 Ga. 486 (1) (68 SE 85, 30 LRA (NS) 697, 137 ASR 242). However, it is contended by the plaintiff that once the check has been certified the reason for the drawer's time limitation no longer exists.

"A certified check has a distinctive character as a species of commercial paper, and constitutes a new contract between the

holder and the certifying bank. The funds of the drawer are, in legal contemplation, withdrawn from his credit and appropriated to the payment of the check, and the bank becomes the debtor of the holder as for money had and received." *McIntire v. Raskin*, 173 Ga. 746, 752 (161 SE 363). "Certification is the act whereby a drawee bank obligates itself to pay a check according to its terms. It is accomplished by a bank stamping across the face of a check drawn on itself the word 'certified' or 'accepted' followed by the name of the bank and signed by an authorized bank officer or employee." 1 Paton's Digest 797, Certification, § 1. Where the check is certified at the request of the drawer, the bank and the drawer are both bound, the bank being primarily and the drawer secondarily liable; where the check is certified at the request of the holder, the bank becomes the absolute debtor of the holder, and the drawer is released. *McIntire v. Raskin*, 173 Ga. 746, 750, supra.

The certification in this case, "Certified payable only as originally drawn and when properly endorsed," is a conditional form of certification approved by the Legal Department of the American Bankers Association for the purpose of limiting the liability of the certifying bank. 1 Paton's Digest 799, Certification, § 2. "The promise of the bank is to pay the instrument according to the drawer's order. The bank . . ." by such a conditional certification ". . . has promised to follow the drawer's instruction and . . . the conditional language [void if not cashed in 60 days] need not be repeated in the certification." 1 Paton's Digest 802, Certification, § 2A:6. Hence the certification became void along with the check and cannot affect the rights of the parties.

When the plaintiff acquired the check from the defendant sixty-one days after it was issued, its enforceability as a negotiable instrument had expired according to its own expressed terms. Therefore, the plaintiff cannot maintain an action against the defendant endorser by reason of any implied warranty under Section 66 of the Negotiable Instruments Law (*Code* § 14-607).

The court did not err in sustaining the general demurrer to the petition and denying the plaintiff's motion to vacate.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*