59825. GRAY v. NATIONAL BANK & TRUST COMPANY.

BANKE, Judge.

The issue in this case is whether the words "void six months from date issued" imprinted on the face of a check establish a limitation period for bringing suit on the check or merely a deadline for presentment.

The complaint alleges that the plaintiff received a cashier's check from the defendant bank which was dishonored when presented for payment. The check stated on its face that it was "void six months from the date issued." There is no question that the check was presented for payment within this period, but this suit was not filed until almost three years later. The appeal is from the grant of the bank's motion for judgment on the pleadings. *Held:*

The statute of limitation for an action on a check is six years. Code § 3-705; *Haynes v. Wesley,* 112 Ga. 668 (37 SE 990) (1900). We do not agree that the notation on the check constituted an agreement shortening this period to six months; rather, we construe it as requirement that the check be presented for payment within six months. Accord, *C. & S. Bank of Atlanta v. Daniel,* 107 Ga. App. 398 (130 SE2d 231) (1963). See generally 2 Hart and Willier, Commercial Paper Under UCC, § 9.07 [2], p. 9-20. Although it was stated in *C. & S. Bank of Atlanta v. Daniel,* supra, at 400, that similar language had created an "agreement" between the bank and the holder, that "agreement" was nothing more than a deadline for presentment. We are aware of no authority for the proposition that a drawer of a check may place words thereon shortening the limitation period for bringing suit on a check which has been presented for payment according to its terms.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED MAY 7, 1980 — DECIDED
MAY 29, 1980.

*James A. Elkins, Jr,* for appellant.
*Howell Hollis,* for appellee.