[S. F. No. 7.    Department One.—July 28, 1896.]

E. R. THOMASSON ET AL., APPELLANTS, *v.* GRACE
METHODIST EPISCOPAL CHURCH, RESPOND-
ENT.

RELIGIOUS CORPORATION — POWER TO CONTRACT — UNAUTHORIZED ACT OF
SECRETARY.—The secretary of a religious corporation has no inherent
power to bind the corporation by entering into a contract in its name
and behalf for the improvement of a street in front of its corporate
property. The authority to make such contract is vested in the
trustees of the corporation, and can only be exercised by them in their
collective capacity, or by such agents, real or ostensible, as they have
accredited, or, by their conduct, are deemed to have accredited.

ID.—REPUDIATION OF CONTRACT—ACCEPTANCE OF BENEFITS.—The corpo-
ration cannot be held liable on such unauthorized contract of its sec-
retary, on the ground that it had accepted its benefits, if, in fact, it
expressly repudiated the contract, and the work done under it proved
wholly worthless.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order
refusing a new trial. J. M. TROUTT, Judge.

The facts are stated in the opinion.

*J. C. Bates*, for Appellants.

*W. F. Gibson*, and *D. H. Whittemore*, for Respondent.

SEARLS, C.—This is *special assumpsit* upon a written
contract to recover from the defendant (a corporation)
the sum of four hundred and twenty-five dollars and
twenty-five cents, for paving two thousand and twenty-
five square feet of Capp street, in the city and county
of San Francisco, together with interest, counsel fees,
etc., and to foreclose a mechanic's lien taken to secure
the payment thereof.

Defendant had judgment for costs, from which judg-
ment, and from an order denying their motion for a
new trial, plaintiffs appeal.

The complaint sets forth a written contract according
to its legal tenor and effect, and not *hæc verba*, whereby

several parties, and among them the defendant, sever-
ally, and not jointly, agreed with plaintiffs to pay the
prices therein mentioned to the latter, for paving the
roadway of Capp street, in front of their several lots,
the material to be furnished and the work done by said
plaintiffs, "all in accordance with specifications on file
in the office of the superintendent of public streets,"
etc., "to the satisfaction of the said superintendent of
public streets," etc.

The amended answer of the defendant denies that it
entered into the contract, and substantially denies all
the material allegations of the complaint, etc.

The court found that defendant was a corporation
"organized to provide a place and means for divine
worship by its members"; that the board of trustees of
said corporation consists of nine persons, including the
president, Robert Husband, and the secretary, William
H. Codington; that five members thereof constitute a
quorum for the transaction of business; that the corpo-
ration defendant never entered into the contract, and
never authorized or ratified it.

The contract was, in fact, signed by the secretary of
defendant, as follows: "Grace Methodist Episcopal, by
W. H. Codington, secretary board of trustees."

There was nothing in the charter or by-laws of the
corporation giving any authority to the secretary to
enter into contracts without the order of the board of
trustees.

The findings proceed at length to detail the circum-
stances under which the contract was signed, and the
action of the board of trustees touching the matter.

The following is a brief synopsis of the facts as thus
found: On the evening of November 2, 1892, after a
prayer-meeting, the solicitor of plaintiffs called at the
church and found the secretary and two other trustees
of the corporation present.   He presented the contract,
and, after consultation, the secretary, at the suggestion
of the two other trustees, signed it.

No meeting or action by the board of trustees was

ever had on the subject until the work was performed, when the board met to protest, and did protest, against the manner in which the work was performed and against its acceptance.

A majority of the members composing the board knew the contract had been signed by the secretary before the work was performed, but had no meeting and took no action in relation thereto until the meeting and action protesting as above stated.

The work was not done according to the contract, "but was constructed of very inferior materials and in a very inferior manner, and is wholly worthless and insufficient, all of which was known to said plaintiffs."

The superintendent of streets accepted and approved the work, and the board of supervisors repudiated and refused to accept it, as their committee had notified plaintiffs they would do when the work was progressing.

The court found that the corporation defendant never executed the contract. This finding is supported by the evidence.

The powers which a corporation may exercise are vested in the trustees, and can only be exercised by them in their collective capacity, or by such agents, real or ostensible, as they have accredited, or by their conduct are deemed to have accredited.

The secretary of a religious corporation, like the defendant here, possesses no inherent power to bind the corporation by entering into a contract in its name and behalf.

There is no evidence tending to show that any custom or usage existed whereby the secretary executed contracts in the name of or for the defendant, and hence no inference of authority can be drawn from the previous conduct of the corporation in approving contracts of a similar character, as is frequently done in case of business corporations.

Defendant did not approve the contract, for its first act in the premises as a corporation was to repudiate it.

"A voluntary acceptance of the benefits of a transac-

tion is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting. (Civ. Code, sec. 1589; *Borel* v. *Rollins*, 30 Cal. 409; *Gribble* v. *Columbus Brewing Co.*, 100 Cal. 67, and cases there cited.)

But that doctrine has no application here, for the reason that the defendant neither received nor accepted any benefits from the transaction.

The court finds expressly that the work "is wholly worthless." Under such circumstances the doctrine of *estoppel in pais* cannot be invoked.

Under the circumstances noticed all other questions raised become false quantities in the problem, and need not be referred to.

We recommend that the judgment and order appealed from be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE J., VAN FLEET, J.