(Cuyahoga County, Common Pleas.)
June, 1898.

THE YOUNG & FULTON LUMBER COMPANY v. THE TAYLOR STREET METHODIST EPISCOPAL CHURCH.

---

A religious corporation can only be bound by its board of trustees acting as a body, and a contract made by members of the board of trustees, constituting a majority of the board, but acting separately and not collectively as a board at a meeting regularly called, will not bind the corporation, but such members will be individually liable.

---

*Opinion of court withdrawing testimony.*
DELLENBAUGH, J.

This is an action brought on an account.

The averments in the petition in substance are, that the plaintiff at the request of the defendants sold and delivered to them for their use in the Gordon Avenue Methodist Episcopal Church the lumber and material specified in the account, a copy of which is attached to the petition, marked "Exhibit A", and made a part thereof.

It is averred in the answer of the defendant, the Taylor Street Methodist Church, that it is a religious society, duly organized under the rules, usages and discipline of the Methodist Episcopal Church of the United States of America. It is also averred that the said lot on Gordon Avenue, and the church erected thereon, are held by said trustees in accordance with the provisions of the discipline of said Methodist Episcopal Church of the United States and the usages thereof, in trust for it and for its members, pastors and officers, in accordance with the provisions of the discipline of said church and the usages thereof.

Now, these averments of the answer of the defendant are not denied by any reply in the case at bar.

An application is made by the plaintiff to file an amendment to the petition, which application, in the exercise of a sound discretion, will be granted, although the court has some doubt as to whether this really is permissible at this time, yet nevertheless, the plaintiff will be given the benefit of this doubt.

In the amendment to the petition it is alleged that in the year 1893, the defendants being the owners of a certain lot of land, situate on Gordon Avenue in the city of Cleveland, in said county, and being duly authorized and empowered in the premises, were engaged in the erection of a church edifice upon said lot, for the use of said The Taylor Street Methodist Episcopal Church. In the said year, this plaintiff, with the full knowledge of the defendants, furnished to them, for use in the construction of said church edifice, the lumber and materials stated in the account, a copy of which is attached to the petition, and as I

have said before, made a part thereof.

"Said lumber", it is furthermore alleged in the amendment to the petition, "was used by the defendants in the construction of said church edifice, and was of the market value, and of the value to the defendants, in their said use thereof, of $1328,74, of which the sum of $470.00 has been paid, leaving unpaid, and due this plaintiff from the defendants, the sum of $858.74, for which sum, with interest thereon from the 31st day of August, 1893, the plaintiff asks judgment."

During the course of the trial the court permitted over the objection of counsel for the defendants, certain evidence to be received, in substance showing that the Taylor Street Methodist Episcopal Church, in the year 1893, duly entered into a contract with Mr. King for the erection of a church on a certain lot owned by it on Gordon Avenue, and that subsequently, that is, after the making of said contract, the pastor of the church, who was also one of the three members of the building committee, went with Mr. King to the office of the plaintiff corporation, and that then and there the pastor of the church pledged the credit of the Taylor Street Methodist Episcopal Church for certain lumber which was afterwards furnished by the lumber company and used in and about the construction of said building.

It is claimed that this promise was an original promise; that the credit was extended to the church corporation alone, and that thereby it became and was an original promise, and does not come within the statute of frauds.

This evidence was received subject to the future motion of counsel for the defendant, to take it from the jury. It is a vital question in this case, and one that the court felt ought to be given the fullest measure of thought, and careful consideration so that the rights of all these parties might be properly protected in this case.

The court out of abundant caution permitted this evidence to be received, subject to the objection of counsel for the defendant, and subject to its future withdrawal. The court is now confronted with this motion, that is, whether this evidence is competent in this case or not, and furthermore whether the pastor of the church, who was a member of this building committee, had the right to pledge the credit of the church association itself.

An additional question, also confronts the court; that is, whether there was any subsequent ratification of the acts of the pastor in thus pledging the credit of the church association, if its credit was pledged, at any subsequent meeting of any official body having the power under the laws of the land, and the discipline of the church, to adopt and ratify the pledging of the credit of this church association by the pastor, who, as I said before, was a member of this building committee.

To the extent that my private library has enabled me to go, I have given this question the fullest possible investigation, and I think that the authorities to which I will call the attention of counsel, are clear, convincing and decisive of the rights of the parties in this case.

Now, what are the powers of the trustees of a religious corporation? Let us ascertain what they are, let us solve this question if we can.

In Thomason et al. v. Grace M. E. Church, 45 Pac. Rep., 838, the supreme court of California held:

"The powers of a religious corporation are vested in its trustees, and can only be exercised by them in their collective capacity, or by such agents, as they have accredited.

"The secretary of a religious corporation possesses no inherent power to bind the corporation by entering into a contract in its name and in its behalf.

In Landers v. Frank Street M. E. Church, 21 N. W. Rep., 420, the Supreme Court of New York held, that: "Where the exercise of corporate acts is vested in a select body, an act done by the persons composing that body in a meeting of all the corporators, is not a valid corporate act."

The same principle was asserted in Cammeyer v. Lutheran Churches, 2 Sandford Chancery, 208; 1 Morawetz on Private Corporations, sec. 531; D'Arcy v. Railway Company, L. R. 2nd Chancery, 158; Constant v. Rector, 4 Daley, 305; 1 Watson on Corporations, sec. 70; and People's Bank v. St. Anthony's Roman Catholic Church, —a New York case, by the way,—17 N. E. Red., 410.

In People's Bank against St. Anthony's Roman Catholic Church, supra, the plaintiff brought an action against the church on certain promissory notes signed, not as a board, but separately, by he president, the secretary and the treasurer, who constituted a majority of the trustees. It was proved at the trial that the notes were signed by said officers acting separately, and not at the same time or at the same place, or while assembled as a board of trustees. The court held that said officers' signatures raised no presumption of their authority, and in the absence of a showing of such authority, or of previous similar dealings, or of any adoption or ratification by the corporation, of the instruments; they are not binding upon it.

Judge Andrews, who delivered the opinion in this case, at pages 409 and 410, says:

"It is elementary that the powers vested in a corporation aggregate having a board of trustees, reside, for the purposes of practical administration, in a board as the governing body. The corporation being a legal entity merely, can only act through instrumentalities and by delegation.

"The trustees of the defendant were, therefore, the only legal representatives of the corporation in exercising its corporate franchises and powers. Whatever powers

were conferred on the corporation may be exercised in its behalf by the trustees. They, acting as a board, can make or authorize acts binding on the corporation, and they alone. Their sanction or authority is essential to a valid, corporate act. The qualification that the collective authority of the trustees, acting as a board, is essential in order to bind the corporation by the action of the trustees, is a recognized doctrine of the law of corporations. The trustees of the corporation have no separate or individual authority to bind the corporation; and this, although the majority or the whole number, acting singly and not collectively as a board, should assent to the particular transaction.''

Now, clearly in the light of the law as laid down in the cases cited by the court, I have arrived at the unavoidable conclusion that this evidence is inadmissible in this case, and that the motion of the plaintiff to take this evidence from the jury should prevail. And I will furthermore say, that a careful examination of all the authorities to which I have referred, discloses the fact that in each one of these cases, whatever was done was attempted to be done in furtherance of the good of the church corporation itself. That is, in other words, the giving of a promissory note in the New York case cited, by the secretary, president and treasurer, was in furtherance of the general good of the body corporate itself, i. e., it was not an ultra vires act, but money raised to enable them to complete a church edifice; and yet in that case the court squarely holds that the action of the three trustees, who actually composed a majority of the board of trustees of the church, was not binding on the church corporation acting individually, and not acting collectively as a board; that there is only one way in which it could be bound, and that would be, by the official action of a board at one of its regular meetings or at a meeting regularly called.

The court fully recognizes the fact that there is a presumption that whenever a meeting is held, it is regularly held; that when a corporation attempts to hold a meeting of its board of directors, that the presumption always arises that a majority or a quorum of the board were present; in other words, the presumption is always in favor of the validity of the acts of a corporation.

Now I have not taken the time to fully investigate all of the questions that have been discussed by counsel, especially in the voluminous brief of counsel for the defendants. This question rests wholly and entirely on a different principle from that discussed in the brief of counsel for the defendants. The court, as I said before, has arrived at the unavoidable conclusion that this motion ought to prevail, and therefore it is accordingly granted, and the evidence bearing upon this subject will be withdrawn from the consideration of the jury, and the jury instructed not to consider this evidence to which I have referred during the course

of my opinion, for any purpose of any conceivable kind whatever, in this case.

Exception may be noted, so that counsel may have the full benefit of any error on the part of the court. It is an important question, and one that unfortunately has not been settled in this state; and in spite of the industry of court and counsel, but few authorities were unearthed, as counsel well know.

Therefore, because it is a question somewhat difficult of solution, applied to a corporation of this kind, I hope that a higher court will pass upon this question.

Mr. Taft. I would like to inquire whether the court takes from the jury the contract supposed to be entered into with King. It appears to be signed by the trustees.

Judge Dickey. There was no objection made to that contract.

The Court. That went in, as I now recollect it, without any objection on either side. The only thing excluded is this—I excluded any and all evidence as to the pledging of the credit of the church association by the pastor, Van Camp, at the office of the plaintiff corporation. All that evidence comes within the motion made by counsel for the defendant, together with a letter written by Mr. Sadler, and everything else will remain in the record.

Judge Phillips. As I understand the ruling of the court, this contract with King falls clearly within the ruling of the court and is clearly not competent.

The Court. I would not undertake to rule a thing out on my own motion. It is in the case without any objection.

Judge Phillips. We ask leave to withdraw it.

Judge Dickey. We object to it.

Judge Phillips. If the court please, it has been evident throughout this trial that our friend Dickey has had a struggle between his Methodist desire to do right and his legal determination to do wrong. And partly for his relief and as well for what comfort we may be able to extract from it, we ask the permission of the court to withdraw a juror and continue this case, with a general leave to amend our petition. We ask that the leave which has already been granted be not entered, because this other will supersede it—general leave to amend our petition and make new parties, and plead supplemental matter.

The Court. Is there any objection, Judge Dickey?

Judge Dickey. I have no right to object.

The Court. It is an application addressed to the sound judgment of the court. At the time of the commencement of this action, from the very nature of things counsel were necessarily in the dark. And hence the application of counsel for the plaintiff to withdraw a juror and continue the case under the rule is granted.

Judge Dickey. I think it ought to be under the ordinary rule of payment of costs up to this time.

The Court. I said under the rule.

Judge Phillips. That means taxed to us?

Judge Dickey. There is a rule that they pay the costs up to the time of the amended pleadings.

The Court. That is right.