# BERRY v. SECOND BAPTIST· CHURCH OF STILLWATER

No. 2545.   Opinion Filed February 18, 1913.

(130 Pac. 585.)

1.  RELIGIOUS SOCIETIES—Actions by Trustees.   The trustees of a church brought suit for specific performance, and afterwards two of them filed a motion .to dismiss the suit, contrary to the wishes of and interest of the members of the church, and without acting upon the matter as a board. Held, that the court did not err in overruling the motion' and permitting the suit to proceed under the direction of the other trustees elected to take the place of the two who attempted to dismiss the suit.

2.  SPECIFIC PERFORMANCE—Contract to Convey Lands—Action for Damages.   An action for damages is not an adequate remedy for a breach of contract to convey land and the vendee in such a contract is entitled to specific performance, although he could recover in an action for damages for the breach.

3.  SAME—Waiver of Forfeiture.   A vendor may waive the provisions of a contract for the sale of real estate making the time of payment of the consideration of the essence of the contract, and where he receives payments on the purchase price after the time when the contract was forfeited according to its terms, without objection and without claiming a forfeiture, he waives the forfeiture, and though he afterwards claims a forfeiture, specific performance should be decreed where the vendee promptly tenders the full consideration upon notice of his intention to claim the forfeiture.

4.  SAME—Payment into Court—Necessity.   It is not necessary in a suit to require a vendee to convey land to pay the purchase price into court. It is sufficient to pay it at the trial or when ordered by the court.

5.  SAME—Claim for Damages—Waiver.   Where the petition alleged all the facts with reference to a contract of sale of real estate and prayed for specific performance, and also for the amount

named in the contract as a penalty for failure to convey, it was not error to permit the plaintiff at the close of the testimony to waive the claim for damages.

(Syllabus by Rosser, C.)

*Error from District Court, Payne County;*
*A. H. Huston, Judge.*

Action by the Second Baptist Church of Stillwater against W. E. Berry. Judgment for plaintiff, and defendant appeals. Affirmed.

*Burdick & Grubbs,* for plaintiff in error.
*Freeman E. Miller,* for defendant in error.

Opinion by ROSSER, C. This was a suit for specific performance brought by the Second Baptist Church of Stillwater against W. E. Berry to compel him to convey certain lots in Stillwater.

The Second Baptist Church is composed of colored people. In August, 1903, the defendant, Berry, agreed to sell this church certain lots in Stillwater for the sum of $200. Under their agreement the church was to pay $25 in cash, $87.50 August 3, 1904, and $87.50 August 3, 1905. The payment due in 1904 was to bear interest at the rate of 12 per cent. per annum. The church made the payment of $25, took possession of the lots, built a church building, and used it as a place of worship, but failed to pay the other two payments according to the agreement. It paid, however, from $19 to $25 per year until 1909. At the time the payment was paid in 1907 defendant agreed that, if the church would pay during that year the amount due according to the first agreement, he would execute a deed. The church failed to pay the balance due. In March, 1908, it paid defendant $21 and defendant gave a receipt which showed it was "to apply as payment on church." In 1909, when the church officials offered to make another payment, the defendant claimed a forfeiture of the contract and tried to collect rent. The church officials then tendered him the amount due. He refused to accept it, and this suit was brought. After

the suit was brought, two of the trustees of the church filed a motion to dismiss the case. The motion was filed in vacation. The church deposed the trustees who joined in the motion, and elected others and through them protested against the dismissal. The court heard and overruled the motion. The case was then heard and a decree entered requiring the defendant to convey the property to the church upon payment of the balance due.

Defendant assigns as error the action of the court in overruling the motion of the deposed trustees to dismiss the action. No authorities are cited in the support of this assignment. The trustees were not acting in the interest of the church when they filed the motion, but in their private interests. The court was entirely right in overruling the motion. A nominal party, who is acting merely in a representative capacity, has no right to dismiss an action to the prejudice of the real party in interest without his consent. *Hanchett v. Ives,* 133 Ill. 332, 24 N. E. 396; *Steeple v. Downing,* 60 Ind. 478. There is another reason why the attempted dismissal was without effect. The suit was brought by the board as such. The evidence shows that no action was taken by the board authorizing the dismissal. The two who attempted to dismiss the case acted in the matter as individuals. Of course, the two could have controlled the action of the board, but they should have called it together and taken action as a body. The third member had a right to take part in a meeting where the matter was under consideration. The record shows that the two who attempted to dismiss the case did so without any notice to the other member and without authority from the congregation. The action of the two members in attempting to dismiss the action which was brought by them as a board was without authority. See *Thompson v. West,* 59 Neb. 677, 82 N. W. 13, 49 L. R. A. 337; *Thompson v. Grace M. E. Church,* 113 Cal. 558, 45 Pac. 838; *St. Patrick's Roman Catholic Church v. Gavalon,* 82 Ill. 170, 25 Am. Rep. 305; *United Brethren Church v. Vandusen,* 37 Wis. 54; *Bank*

*v. St. Anthony's Roman Catholic Church,* 109 N. Y. 512, 17 N. E. 408.

Defendant contends that an action on the bond for damages would have afforded the church an adequate remedy for breach of the contract to convey, and that for that reason specific performance should be denied. It is well settled that specific performance of a contract to convey land will be decreed, notwithstanding the vendee has a cause of action for damages for breach of the contract. Money damages is considered inadequate compensation for a breach of a contract to convey lands. 2 Minor's Inst. (3d Ed.) 870; 2 Story's Eq. Juris. (13th Ed.) sec. 751; *Kelly v. Mosby,* 34 Okla. 218, 124 Pac. 984. Especially is this true where as in this case the vendee has taken possession and made permanent and valuable improvements exceeding in value the penalty of the bond. It is not necessary to cite authorities in support of a proposition so well settled.

Defendant's next and principal contention is that, because the church had not complied with its contract as to time of payment, it is not entitled to specific performance. This proposition must also be resolved against the defendant. The church did not pay at the time it agreed to, but the defendant continued to accept payments under the original contract and the renewed contract. Even when time is made the essence of a contract, a party may waive a strict compliance with the stipulations with regard to time.

"If the court finds that, although time was of the essence of the contract, yet the defendant has waived his right to insist upon strict performance either expressly or by acquiesence in plaintiff's laches, as where his conduct after failure to perform on the day, indicated that he would accept a delayed performance, a decree of specific performance will be granted the plaintiff as if time had not been of the essence." (6 Pom. Eq. Juris., sec. 813.)

In this case the circumstances clearly show a waiver.

In this case the circumstances clearly show a waiver by the defendant of a strict compliance with the terms of the contract as to time. The church went into possession under the contract

and built a house. After the deferred payments were due, the defendant continued to receive partial payments without any intimation that he considered the contract forfeited. He even renewed the original contract in writing, and on the expiration of the year for which the contract was renewed he accepted a partial payment on the contract without claiming a forfeiture. The next year, when the representative of the church offered to make another payment, the defendant for the first time claimed a forfeiture of the contract. The church then tendered the full amount due, and it was refused. To refuse a specific performance would be inequitable. It has often been decided that a party may waive a strict compliance with the provisions of a contract as to the time of performance. See *Brown v. Guarantee Trust & Safe Deposit Co.,* 128 U. S. 403, 9 Sup. Ct. 127, 32 L. Ed. 468; *Thayer v. Star Mining Co.,* 105 Ill. 540. It is held in North Dakota that, in order to avail himself of a forfeiture clause in a contract, the party must promptly declare the contract forfeited when the other party fails to perform at the stipulated time. *Cughan v. Larson,* 13 N. D. 373, 100 N. W. 1088, and authorities therein cited. And the same rule obtains in South Dakota. *Pier v. Lee,* 14 S. D. 600, 86, N. W. 642. In the case of *Kansas Lumber Co. v. Horrigan,* 36 Kan. 387, 13 Pac. 564, the facts before the court were very similar to the facts of this case and the court decreed specific performance in favor of the purchaser.

It is further contended that the judgment should be reversed because the tender of the balance of the purchase price was not kept good. When the suit was brought, the church paid $200 to its attorney, and he kept it in a bank until the first trustees attempted to dismiss the suit. He then paid it back to the one of them who claimed to have advanced it (deducting his fee), and for some time the amount due was not in the hands of the attorney for the church. This is not material. The defendant had refused the tender. There is no proof that he could not have had the money at any time he sig-

nified his willingness to receive it.   Section 5671, Comp. Laws 1909, is as follows:

"When a tender of money is alleged in any pleading, it shall not be necessary to deposit the money in court when the pleading is filed, but it shall be sufficient if the money is deposited in court at trial, or when ordered by the court."

A compliance with this statute is all that is necessary.

Lastly, it is contended that the court erred in permitting the plaintiff at the close of the testimony to elect to stand upon the count in its petition under which it claimed specific performance. An examination of the petition shows that the church pleaded the bond for title and set out all the facts and prayed for specific performance, and also for $500 which was the penalty named in the bond for failure to convey. Its election was merely to waive any claim for damages. There was no error in permitting it to waive this claim. It was not entitled to both, and an examination of the records shows that its principal object all the way through was to obtain title to the lots.

The judgment should be affirmed.

By the Court:   It is so ordered.