A. L. WASSON and Mattie O. Wasson, Plaintiffs in Error,

v.

Robert C. HAYNIE and Evelyn Haynie, Defendants in Error.

No. 37495.

Supreme Court of Oklahoma.

May 28, 1957.

Rehearing Denied July 9, 1957.

Application for Leave to File Second Petition for Rehearing Denied Dec. 4, 1957.

Wm. S. Agent, Sallisaw, Doerner, Rinehart & Stuart, Tulsa, for plaintiffs in error.

J. Fred Green, Fred D. Green, Sallisaw, for defendants in error.

DAVISON, Justice.

This suit was brought by Robert C. Haynie and Evelyn Haynie, as plaintiffs, against A. L. Wasson and Mattie O. Wasson, defendants, seeking specific performance of a contract for the exchange of real properties. The parties, who were all residents of the State of Texas, will be referred to as they appeared in the trial court, being inverse to the order in which they here appear.

The plaintiffs were the owners and operators of a motel, cafe and filling station in San Angelo, Texas, upon which there were two outstanding mortgages. In one, the unpaid principal was approximately $66,000 and on the other, the principal and interest totaled slightly less than $12,000. The defendants were the owners of a ranch or farm in Sequoyah County, Oklahoma, consisting of about 8,000 acres upon which there was a mortgage of some $3,200. After several weeks of negotiation, the parties entered into a written contract for the exchange of the properties. The contract was executed at the motel of plaintiffs. At the same time, the parties prepared lists of the items of property to be included in the conveyances and on these lists was the notation that the plaintiffs were to have the Oklahoma farm property free and clear of the mortgage indebtedness but that defendants were to have the Texas property subject to the mortgage indebtedness against it.

The contract was executed on October 21, 1954, and possession of the properties was to be exchanged on November 1, following. On the latter date, possession of the Texas property was delivered to defendants and some two weeks later plaintiffs took possession of the Oklahoma property. Sometime the latter part of November, the plaintiffs, in removing a fire damaged building from the Texas property, as provided by the contract they should do, broke some gas connections and subsequently paid the defendants about $100 for the damage done. On December 7, the plaintiffs' attorney mailed to the defendants by registered mail, a deed conveying the Texas property to them. On December 13, the plaintiffs filed this suit seeking an order requiring the defendants to convey the Oklahoma property to them in compliance with the terms of the contract. Trial to the court resulted in a judgment for plaintiffs and defendants have appealed.

Two principal contentions were made by the defendants in the trial court, being the assertion that the plaintiffs did not deliver all the personal property used in connection with the motel and cafe, which they had agreed to deliver, and that the indebtedness against the Texas Property was fraudulently represented to be much less than it actually was. The trial court's judgment was founded upon extensive conflicting testimony on these two points. The argument here made by the defendants is directed primarily to the alleged insufficiency of the evidence to support a judgment granting specific performance. Leaving plaintiffs with a sole remedy by action at law for damages.

The right of a plaintiff to recover damages for breach of a contract does not preclude him from seeking the equitable relief of specific performance instead. "The fact that the plaintiff might be fully reimbursed for the consideration he has given in money or services and the labor or money he has expended upon improvements does not preclude specific performance of his contract." Holland v. Ross, 189 Okl. 428, 117 P.2d 798, 800. The same rule was stated in the early case of Berry v. Second Baptist

Church of Stillwater, 37 Okl. 117, 130 P. 585, 586, as follows:

> "An action for damages is not an adequate remedy for a breach of a contract to convey land and the vendee in such a contract is entitled to specific performance, although he could recover in an action for damages for the breach."

Viewing the situation of the parties in the light of the above rule of law, the plaintiffs had declared on a written contract and the defendants countered with allegations of fraudulent representations of the lien indebtedness and of failure of plaintiffs to deliver the items of property covered by the contract. These constituted affirmative defenses and as was said in the case of Piland v. Craig, 194 Okl. 666, 154 P.2d 583, 585

> "Under the general rule of procedure, where the defense to an action is of an affirmative nature, the defendant becomes the proponent, and has the burden to bear, has the onus of proof as in a new cause of action. Tradesmen's National Bank of Oklahoma City v. Harris, 145 Okl. 54, 291 P. 38."

The evidence was in sharp conflict, but sufficiently strong and definite to support the judgment of the trial court in favor of plaintiffs. The testimony relative to the amount of the indebtedness points to the conclusion that plaintiffs were not certain of the exact amounts. The agent for the mortgagee could very easily have furnished the figures had defendants seen fit to ask at the times they were together before the execution of the contract. The items of personal property of whose non-delivery defendants complain consisted in the main of items not included in the list attached to the contract. Many of them belonged to persons other than the plaintiffs and had been borrowed and were returned to the lenders after execution of the contract when plaintiffs no longer had need of them. Defendants failed to sustain the burden of proving alleged misrepresentations on the part of plaintiffs as to the amount of indebtedness and as to the items of personal property to be included in the transfer.

Defendants also contend that specific performance should not be granted in favor of plaintiffs for the reason that specific performance could not be enforced against plaintiffs. Subsequent to the institution of this suit, the mortgagee of the Texas property foreclosed the mortgages, ousting all parties to this litigation therefrom. The foreclosure resulted from the failure of defendants to make the monthly payments on the debts. The position might be tenable if the contract were executory. But plaintiffs had fully performed. They had delivered possession and also had sent a proper deed conveying the premises to defendants. "The doctrine of mutuality of remedy applies only to executory contracts and not to executed contracts." 81 C.J.S. Specific Performance § 11f, p. 433.

We have carefully reviewed the entire record and find that the judgment is not against the clear weight of the evidence and should be sustained.

Affirmed.