## A. W. CROSS v. SAMUEL HOLLISTER.

1. NOTE — *Assignment* — *Indorsement of Payment* — *Liability of Maker.* Where C., a stranger to a promissory note, takes the same from H., one of two makers, with an indorsement plainly written thereon: " Paid by H., this September 5, 1882, [which is the date of maturity,] and transferred to C.," "Without recourse, H.," and there is no mistake or fraud in the transaction, H. is relieved from liability on the note to C. or to his assignee.

2. PAROL EVIDENCE, *Inadmissible.* In an action on such a note, so indorsed, and where there is no fraud or mistake in the transfer, parol proof contradicting the indorsement, or which would change it from a conditional to an unconditional transfer, is not admissible.

*Error from Atchison District Court.*

ACTION to recover upon a promissory note. Judgment for defendant, *Hollister,* at the April term, 1888. The plaintiff, *Cross,* comes here. The opinion states the facts.

*Grant W. Harrington,* and *W. D. Webb,* for plaintiff in error.

*W. W. & W. F. Guthrie,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by A. W. Cross against George W. Howe and Samuel Hollister, to recover upon a promissory note made by Howe and Hollister, September 12, 1881, for $750, payable to the order of Francis L. Howe, one year after date, with interest at 7 per cent. per annum. On the back of the note were the following indorsements: "Francis L. Howe." "Paid by Samuel Hollister this September 15, 1882, and transferred to P. D. Cheney." "Without recourse, Samuel Hollister." "P. D. Cheney." The plaintiff alleged that he was the owner and holder of the note, and that the indorsement on the note, "Paid by Samuel Hollister this September 15, 1882, and transferred to P. D. Cheney," is untrue, except as to the words "transferred to P. D. Cheney;" and that the indorsement "Without recourse, Samuel Hollister," was made thereon without any part of the note being paid by Hollister. It was further alleged that the money paid by Hollister to Francis L. Howe was for the purchase of the note, and was the money of P. D. Cheney. No service appears to have been obtained upon Howe, and the action proceeded against Hollister alone, who, in his separate answer, denied the allegations of plaintiff with respect to the indorsement, and alleged substantially that the note was paid off by him and the indorsement was placed upon the note by B. P. Waggener, the agent of Cheney, and that Cheney had accepted and retained the note so indorsed, and had discharged and released the defendant from any liability upon the note. He further alleged that he signed the note as surety, and for the accommodation of George W. Howe and P. D. Cheney, and at the instance of and as a substitute for Cheney; and that at the maturity of the note, with the money furnished to him, the defendant paid off the note sued upon, and transferred the

same to P. D. Cheney as evidence of indebtedness to be held against George W. Howe, who had absconded.

A trial was had before the court and a jury, and the testimony of the plaintiff, Cross, was introduced, to the effect that the note had been transferred from Cheney to him in 1886. Cheney testified that he pleged the note to Cross in 1886, as security for a loan which had never been paid. He stated that he obtained the note from Hollister on September 15, 1882, and that Waggener paid the money for Cheney and sent the note to him at Jerseyville, Ill. He further testified that neither Howe nor Hollister had ever paid him anything upon the note, and that he did not accept it as having been paid by Hollister. This is substantially all the testimony presented to sustain the action, and the court, upon a demurrer, held the evidence to be insufficient and took the case from the jury.

We think the testimony of plaintiff failed to establish a right of recovery against Hollister. He accepted the note with a qualified or restricted indorsement, which clearly discharged Hollister from any liability thereon. Hollister was one of the makers of the note, and, according to the indorsement, he paid it off at maturity and obtained possession of the same. Whether he was in fact a surety, or had signed it at the instance and as a substitute for Cheney, as alleged, and transferred it to him as a liability against Howe, is unimportant. Cheney accepted the note upon the written condition that Hollister should not be held liable thereon. The testimony of Cheney in effect is, that Waggener was his agent to pay the money and obtain the note. The ordinary presumption would be that a payment by one of the makers was an extinguishment of the obligation; but probably the relations of the parties were such that Cheney desired to retain it as an obligation against Howe, the first signer and maker of the note. At any rate, Hollister did not permit the note to pass out of his hands until there was written thereon a plain declaration discharging him from liability; and it is alleged that this indorsement was written on the note by the agent of Cheney. It was accepted without complaint and held by Cheney for a period of about

four years, when he transferred it to Cross, and no action was brought against Hollister for about five years after he had paid and transferred the same to Cheney. When Cross took the note it still contained, in clear and distinct terms, an unequivocal release of Hollister. It is not shown that any misrepresentation was made when the indorsement was written, nor that there was any fraud or mistake in the transaction between Cheney and Hollister. Neither Cheney nor Cross could read the note understandingly without seeing that no recourse could be had against Hollister, and that the only liability transferred, if any, was against Howe. There being no fraud or mistake, parol proof contradicting the indorsement, or which would change it from a conditional to an unconditional transfer, was not admissible. (*Doolittle v. Ferry*, 20 Kas. 234.) The only proof excluded, however, was the statement by Cheney that he "accepted the note from Hollister as an obligation against the makers, according to its legal meaning and effect." This was a vague and meaningless statement, and was properly excluded from the jury. What was the legal meaning and effect of the note and indorsements? was the question submitted for the determination of the court, and Cheney's opinion of their legal effect was of no consequence. He accepted and retained the note with an indorsement which expressly provided that Hollister should not be held liable, and there is nothing in the testimony showing that he was not aware of the indorsement, or that any deceit or fraud was practiced upon either his agent or himself.

It is further contended that, although Hollister has paid the note, the fact that he had transferred it and put it out upon the world makes it a new obligation, and estops him from alleging payment in his own defense. There is nothing in the testimony to show or that would warrant an implication that Hollister intended to issue the note as a new obligation based on a new consideration. The idea that he issued it as a new obligation against himself, and that he warranted it as the legal obligation of both the makers, is excluded by the plain language of the indorsement written upon the note at the

time of the transfer. The written agreement of the parties overcomes any of the presumptions invoked by the plaintiff. Whatever may be his rights against Howe, who is not defending, it is clear that he has shown no right of recovery against Hollister.

The judgment of the district court will be affirmed.

All the Justices concurring.