BANK OF ONTARIO, Respondent, v. HOSKINS et al., De-
FENDANTS; MAGGIE HOSKINS, Appellant.

{No. 2,182.)

(Submitted November 28, 1905. Decided December 11, 1905.)

*Negotiable Instruments—Consideration—Forbearance to Sue.*

Promissory Notes—Want of Consideration—Forbearance to Sue—De-
murrer.

1. A general demurrer to an answer in an action on a promissory
note was improperly sustained, where the answer disclosed that the
appealing defendant signed the note long after its execution and
delivery by her codefendant, that she was not liable upon his debts
represented by the note, and that she signed it only on condition that
action should not be brought against her on the paper until the hap-
pening of certain contingencies; since, in order that forbearance to
sue may constitute a valid consideration for a contract, the party for-
bearing to sue must have, as against the party to whom the favor is
granted, a *bona fide* claim which might give rise to an action to
enforce it.

Contracts—Consideration—Forbearance to Sue.

2. *Obiter:* Forbearance to sue a third person constitutes a valid con-
sideration for a contract.

*Appeal from District Court, Flathead County; D. F. Smith,
Judge.*

Action by the Bank of Ontario, a corporation, against Omar
and Maggie Hoskins. Judgment was entered in favor of plain-
tiff. From this judgment defendant Maggie Hoskins appeals.
Reversed.

(306)

*Mr. Thos. D. Long,* and *Mr. Frank L. Gray,* for Respondent.

*Messrs. Foot & Pomeroy,* and *Mr. W. H. Poorman,* for Appellant.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The complaint in this action contains two causes of action. As to the second no defense is made or attempted. The first cause of action is upon a promissory note for $1,000, dated March 4, 1903, and due thirty days after date. It is admitted that this note was executed and delivered by Omar Hoskins on the date which the note bears. It is alleged that the defendant Maggie Hoskins did not sign this note until long after its execution and delivery by her codefendant, Omar Hoskins; that she signed it then at the instance and request of plaintiff, but only upon the terms and conditions set forth in her answer. She alleges that at the time of the execution and delivery of the note by Omar Hoskins, and for a year prior thereto, he had a contract for the construction of an irrigating canal in Malheur county, Oregon, and that it became necessary for him to borrow money, represented by this note, from the plaintiff bank for the purpose of carrying on his work; that this note was given for the money so borrowed by him and for no other consideration; that the money was used by him in his work on the canal; that the defendant Maggie Hoskins had no interest whatever in the contract and did not receive any of the money; that on March 19, 1903, at the instance and request of plaintiff, defendant Maggie Hoskins "signed said note upon the expressed understanding and agreement with said plaintiff that said plaintiff would not sue said defendant Maggie Hoskins thereon until the amount thereof was realized by said Omar Hoskins upon said contract for the construction of said irrigating canal, and that in the event said defendant Omar Hoskins did not pay said note from the amount so realized upon said contract, said defendant Maggie Hoskins should pay the same,.

and that suit thereon might then be maintained against said defendant Maggie Hoskins.'' It is then alleged that she signed the note only upon the condition stated in her answer.

To this answer a general demurrer was interposed and sustained; and, the defendants refusing to plead further, judgment was entered in favor of the plaintiff, from which judgment the defendant Maggie Hoskins appealed.

Only one question is presented here: Do the facts pleaded in the answer disclose a want of consideration for the contract which defendant Maggie Hoskins entered into when she signed the note sued upon? As she signed the note long after its execution and delivery by Omar Hoskins, the consideration for his agreement was, as to her at the date she signed it, no consideration at all. Her answer discloses that at the date she signed the note she was not liable upon the debt of Omar Hoskins represented by the note, and that she signed it fifteen days after the execution and delivery by him, only on condition that she should not be sued until money sufficient to pay the note had been realized by Omar Hoskins from his contract for the construction of the canal, and not then, unless Omar Hoskins did not pay it. As the note by its terms became due thirty days after date, the only effect of this agreement was to postpone the bringing of any action on the note against the defendant Maggie Hoskins until the happening of the contingencies mentioned.

As a general proposition, it is said that forbearance to sue is a sufficient consideration to sustain a contract based thereon, for it operates as an advantage to the person to whom the favor is extended, or as a detriment to the party extending it, or both. But in order that forbearance to sue may constitute a valid consideration for a contract, the party forbearing must have, as against the party to whom the favor is granted, a *bona fide* claim which might give rise to an action to enforce it. Of course, a contract may be made between two persons for the benefit of a third; and if the agreement pleaded in this case had been that the plaintiff would not sue Omar Hoskins until

he should realize upon his contract, this forbearance would have been a sufficient consideration for the contract made by the defendant Maggie Hoskins; but that is not the agreement pleaded. The forbearance in this instance only extended to Maggie Hoskins, and, as against her, the plaintiff had no claim whatever. Therefore, she could not derive any benefit from the bank's forbearance to sue her, and the bank did not suffer any inconvenience or detriment in forbearing to sue, when it could not do so in any event.

As the bank had no claim upon which it could maintain an action against the defendant Maggie Hoskins, its forbearance to sue her was not any consideration for her signing the note. The question is too well settled to require further notice. The authorities in support of our position may be found cited in 9 Cyc. 341, 342.

The answer sufficiently pleaded a want of consideration, which is a perfect defense, if proved. The court erred in sustaining the demurrer to this answer, and the judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.