[L. A. No. 1441.    Department Two.—March 14, 1907.]

OSCAR BONNER OIL COMPANY, Respondent, v. PENN-
SYLVANIA OIL COMPANY, Appellant.

BANKRUPTCY—SUBSTITUTION OF TRUSTEE AS APPELLANT.—Where a judg-
ment debtor is adjudged a bankrupt pending his appeal from the
judgment, the appellate court on the mere motion of the judgment
debtor will not order his trustee in bankruptcy to be substituted in
his place as the appellant.

CORPORATION—BY-LAW—COMPOSITION AGREEMENT—AUTHORITY OF SEC-
RETARY.—A by-law of a corporation providing that "the president
and secretary of this company shall constitute *ex officio* an executive
committee, who. shall attend to the business of the company, and
who shall audit and pay the current bills of the company, all under
the general direction of the board of directors," does not confer
express authority on the secretary alone to execute a composition
agreement; nor is such authority conferred on the secretary by a
resolution of the board of directors empowering the president, vice-
president, and treasurer to sign and indorse checks and drafts.

ID.—OSTENSIBLE AUTHORITY OF SECRETARY.—The fact that the secretary
of a corporation received a promissory note and represented his
corporation in the transactions which led to its execution did not
constitute him the agent, ostensible or otherwise, of the corporation
to bind it by signing a composition agreement concerning the note.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Tanner & Taft, and Tanner, Taft & Odell, for Appellant.

George A. Corbin, for Respondent.

LORIGAN, J.—This action was brought to recover upon a
promissory note executed by defendant for $515, with in-
terest, in favor of plaintiff.

The complaint set forth a copy of the note sued on, dated
August 14, 1901, and alleged non-payment. The complaint
then further alleged the making on January 25, 1902, of a
composition agreement between the defendant and certain
of its creditors whereby certain designated property of the

defendant consisting of its plant, wells, pipes, pipe-line, etc., was delivered to trustees to be managed and operated by them for the mutual benefit of the company and its creditors signing the agreement, and whereby the proceeds from the operation of the plant, etc., were to be applied to the payment of the debts due the creditors of the company, as particularly set forth in the agreement; that said agreement purported to have been consented to and executed by plaintiff through its secretary, it being signed "Oscar Bonner Oil Company by A. M. Cates, Sec'y"; that the consent of plaintiff was never given to the making of said contract, nor was it ever ratified or authorized by resolution of its board of directors, nor was it signed or executed by any officer of plaintiff authorized to do so.

The answer admitted the execution of the note and its non-payment and the making of the composition agreement as alleged in the complaint (the agreement was appended to the complaint as an exhibit and made part thereof), denied non-execution thereof by plaintiff as alleged in the complaint, and set up affirmatively that the plaintiff duly and legally caused said agreement and contract to be signed and executed by its secretary; that thereby the same became binding on plaintiff; that by its terms the obligation to pay—the note sued on—and its maturity were postponed, and that at the time this action was commenced there was nothing due or payable to plaintiff on said note.

Upon these issues the case was tried and the court found that the consent of plaintiff was never given or obtained to the making of said composition contract, nor was it ever authorized or ratified by resolution of its board of directors, nor was it ever signed, executed, or delivered by any officer thereunto authorized, nor under the corporate seal of said plaintiff company.

Thereupon judgment was rendered for plaintiff for the sum of $515, with interest, and from the judgment and an order denying its motion for a new trial defendant appeals.

Before considering the appeal upon its merits it will be necessary to refer to and dispose of a suggestion and motion made and submitted when this appeal came up for argument in this court. The suggestion was that on May 15, 1905, in the district court of the United States for the southern dis-

trict of California, the appellant had been adjudged a bankrupt; the motion was that C. B. White, the trustee in bankruptcy, be substituted as appellant in place of the Pennsylvania Oil Company. No reason was given, when the suggestion and motion were presented, why it was necessary to have the trustee in bankruptcy intervene by substitution, nor how any benefit could possibly accrue to the bankrupt's estate, as far as creditors are concerned, by the substitution.

This action was commenced against defendant in 1902 long prior to the adjudication in bankruptcy.

In Brandenburgh on Bankruptcy (sec. 276) it is said: "Suits begun against a bankrupt before the latter's bankruptcy may be defended or stayed in the discretion of the court of bankruptcy according as the interests of the bankrupt's creditors may require, and if it is decided to defend them the trustee is entitled to be made a party and the bankrupt will be enjoined from interfering. The court in which an action is pending against the bankrupt will not compel the trustee to become a party."

And (Id.), section 251, "When the right of the said court is to be questioned it can be done by the intervention of the trustee alone."

In Collier on Bankruptcy it is stated (p. 131) : "A court of bankruptcy may, but need not, order the trustee to intervene in a suit against the bankrupt. The said court cannot, on the other hand, compel him to intervene."

Now, it does not appear from anything in the suggestion or motion, that the court in bankruptcy has directed the trustee in bankruptcy to intervene in this appeal, nor is the trustee himself moving to intervene, nor asking that this court substitute him as a party appellant in the action. The application is made solely by and on behalf of the appellant and presented by the attorneys for the appellant. But appellant, as the bankrupt, has no right to make such motion for the trustee. This, according to the rules above stated, must proceed from the trustee himself, and, as he has not sought to intervene, the appellant is not warranted in injecting him into the case on its own volition. The motion to substitute is therefore denied. (See *Reynolds* v. *Pennsylvania Oil Co., ante,* p. 629, [89 Pac. 910].)

Now, as to the merits of the appeal.

The only defense urged in the trial court was the composition agreement referred to, and it is insisted by appellant that the finding of the court respecting it is not sustained by the evidence.

As to the evidence upon the subject of the execution of that contract. A. M. Cates was called as a witness upon the trial and testified that he was secretary of the plaintiff corporation at the time the note sued on was delivered by defendant to plaintiff; that no part of said note had been paid; that he was also secretary of plaintiff corporation at the time the agreement sued on in plaintiff's complaint was executed, and that he signed the name of plaintiff to said agreement as secretary, but that he had no authority to do so; that he had asked his brother, Dr. H. G. Cates, who was then a director and also the president of the company, whether he should sign the agreement on behalf of the company, and his brother replied that he was not personally in favor of the company's executing it, but that if he (the secretary) could get the consent of all the other directors of the company, he (the president) would have no objection; that he never spoke to any of the other directors about the matter and never obtained their consent or direction about it, but signed the name of the company to the agreement on his own motion, believing that his action would be ratified; that it was not ratified, as there had been no meeting of the board of directors of the plaintiff corporation since that time; that there was no consideration moving to the plaintiff company for his signature to the agreement; that he was never the attorney of the plaintiff company and was never an officer of the defendant company. On cross-examination he testified that there had been no meeting of the board of directors of plaintiff since June 28, 1901; that the board of directors of plaintiff never authorized the acceptance of the note sued on; that witness accepted it from defendant as secretary of the plaintiff corporation without any authorization; that he was at the time of the execution of the agreement set out in the answer the attorney for defendant corporation, and was present at the meeting of the creditors at which said agreement was made. H. G. Cates, president of the plaintiff corporation, testified to the same matters stated by the secretary with reference to the signing of the agreement, before it was signed, and,

further, that when informed by the secretary that he had signed it, the witness told him he should not have signed the articles; that he did not do anything further with regard to the secretary's action; did not call the board of directors together, and did nothing until about the time of the institution of this action, when he authorized the bringing of it.

The defendant offered the following by-law of the plaintiff corporation: "The president and secretary of this company shall constitute *ex officio* an executive committee, who shall attend to the business of the company, and who shall audit and pay the current bills of the company, all under the general direction of the board of directors"; also the following from the minutes of the board of directors held on July 21, 1900: "Resolved, that H. G. Cates, president, or Simpson McClure, vice-president, and J. W. Hinton, treasurer of this corporation, be, and they are hereby, authorized to sign checks and drafts for and on behalf of this corporation, and that each of them be and he is hereby authorized to indorse checks and drafts payable to this corporation." Evidence was further offered by defendant to show that A. C. Cates was the attorney of the defendant corporation and secretary of the plaintiff corporation, and that he had acted as the representative of the plaintiff in the transactions leading up to the execution of the note sued on herein.

We think that under this evidence the court was fully warranted in making the finding it did. It certainly appears that A. M. Cates had no direct authority to sign the corporate agreement, unless it was derived from the by-law and the resolution offered in evidence. But under the by-law it is quite apparent that no authority was conferred upon the secretary to execute contracts of the character here involved, and it is equally apparent that, whatever business he and the president were authorized to attend to, could only be done by them conjointly. The resolution offered did not even remotely suggest any authority to execute such a contract, and certainly does not confer any power at all upon the secretary of the corporation to do anything. It is claimed by appellant, however, that if the secretary did not have express authority to execute the contract, he was at least the ostensible agent of the corporation for that purpose, and that his act is binding on it. But we cannot perceive anything

in the evidence which can support a claim of ostensible agency. There is nothing in it to show that at any time A. M. Cates represented the plaintiff in the execution of any written contract by it of any kind whatever. It seems that he received from the defendant the note sued on and represented it in the transactions which led to its execution. But that circumstance could not constitute him the agent, ostensible or otherwise, of the plaintiff, to bind it by signing the composition agreement concerning the note. We do not think that there was substantial conflict in the evidence as to want of authority upon the part of the secretary to execute this contract. In fact, we do not think that under the evidence any other finding could properly be arrived at.

It is claimed by respondent that, independent of this finding, plaintiff had the right, even under the composition agreement, to maintain this action; that there is nothing, directly or inferentially, in the contract precluding the subscribing creditors · from prosecuting actions upon their respective claims. But, as we have concluded that the finding by the court that the plaintiff never executed the contract is sustained by the evidence, the ·construction of that contract is properly eliminated from consideration.

The judgment and order appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.