[Civ. No. 1729.  Second Appellate District.—February 16, 1916.]

## R. B. GUERNSEY, Respondent, v. JOHNSON ORGAN AND PIANO MANUFACTURING COMPANY, Appellant.

ACCOUNT — ASSUMPTION BY ANOTHER — INSUFFICIENCY OF EVIDENCE TO SHOW.—In an action to recover on an account for goods sold to a third party, it being contended that the defendant assumed the obligation, the evidence is insufficient to sustain a finding in favor of the plaintiff, where it consisted solely of a letter written by the secretary of the company to the plaintiff, stating in substance that defendant would be glad to settle its general account with plaintiff, after the allowance of a certain credit, and, referring to the particular account sued on, saying that the difficulty with it was in the agency agreement between plaintiff and the original debtor, out of which the account grew, but that defendant was attending to the obligations of the latter company and expected to take care of this one, the letter indicating, however, some controversy between the parties and a difference of understanding regarding the agency contract.

ID.—CORPORATION LAW—AUTHORITY OF SECRETARY.—The secretary of a corporation has no inherent power to assume any obligation on behalf of the corporation, or agree without any consideration whatsoever to bind the corporation to pay the debt of another.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John M. York, Judge.

The facts are stated in the opinion of the court.

Frank Bryant, for Appellant.

Hardy, Wheeler & Hardy, for Respondent.

SHAW, J.—Defendant, a corporation, appeals from the judgment in favor of plaintiff, presenting the record by bill of exceptions.

It appears, as found by the court, that "the Murray M. Harris Company became indebted to the plaintiff for goods sold and delivered in the sum of $497.50, and that thereafter on the 18th day of December, 1913, . . . the defendant, Johnson Organ & Piano Manufacturing Company, in writing assumed and agreed to pay the same to this plaintiff." The only evidence whatever offered in support of

this finding was a letter dated December 16, 1913, addressed to plaintiff, signed ''Johnson Organ & Piano Mfg. Co., by A. E. Streeter, Secretary,'' wherein he said:

''Your favor of the 10th inst. received. Regarding our account with you, we shall be more than glad to make settlement as soon as the proper adjustment and agreement on our account can be reached. In the first place, the statement rendered by you on the 10th does not contain a credit of $63.60 to which we are entitled. We have also returned some blowers to your local warehouse and are holding their receipt for same, but have not as yet received proper credit. At such time we shall be glad to make final settlement with you.

''The difficulty in this account has been through an agency agreement between your company and The Murray M. Harris Co. which we took over at the time we took over The Murray M. Harris Co. business. We are attending to all obligations of The Murray M. Harris Co. and expect to take care of this one. This agency agreement has never been well defined, and your Mr. Cochran views same in a light different to that which we were led to understand. Please render us a statement containing the credits of which we have spoken and we shall be glad to settle with you immediately.''

No corporate seal was attached to this letter, and with reference thereto Streeter testified: That he caused the same to be written, and signed the corporate name thereto; that he was secretary and a director of defendant; that the letter was written as a means devised by himself of assisting the Murray M. Harris Company to extend its indebtedness. The letter, in our opinion, is wholly insufficient to justify the finding made by the court. Plaintiff's letter of the 10th, receipt of which is acknowledged, was not offered in evidence. The letter at most merely shows that defendant had taken over the Murray M. Harris Company, which was a debtor of plaintiff in some amount not shown; that defendant was *attending to* all obligations of the Murray M. Harris Company and expected to take care of this one. What this one was does not appear. It also shows there was some controversy existing between defendant and plaintiff with reference to the accounts between them and a difference of understanding regarding some agency contract

out of which the indebtedness of the Harris company had grown. Moreover, the promise made to ''settle with you immediately'' was not with reference to the Murray M. Harris Company matter, but as to an indebtedness due from defendant directly to plaintiff. Aside from this, however, is the fact that Streeter, as secretary, had no inherent power to assume any obligation on behalf of defendant, or agree without any consideration whatsoever, as appears here, to bind defendant to pay the debt of another. No express authority whatever is shown in Streeter; nor is it shown by a scintilla of evidence that he had any ostensible authority to act in the matter. (See *Black* v. *Harrison Home Co.,* 155 Cal. 121, [99 Pac. 494]; *Bonner Oil Co.* v. *Pennsylvania Oil Co.,* 150 Cal. 658, [89 Pac. 613]; *Read* v. *Buffum,* 79 Cal. 77, [12 Am. St. Rep. 131, 21 Pac. 555]; *Thomasson* v. *Grace M. E. Church,* 113 Cal. 558, [45 Pac. 838]; 3 Cook on Corporations, 6th ed., sec. 717.) It is true, as claimed by respondent, that ''a voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting.'' (Civ. Code, sec. 1589.) There is nothing in the record, however, which in the slightest degree indicates that defendant was benefited by the transaction, or accepted any benefits thereof. Indeed, the cause of action is based solely upon the letter without any other showing whatsoever.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.