[Civ. No. 1689.  Second Appellate District.—February 19, 1916.]

## PACIFIC RAILWAYS ADVERTISING COMPANY (a Corporation), Appellant, v. JESSIE WILLIAMSON CARR, Respondent.

PROMISSORY NOTE — WANT OF CONSIDERATION — INVALID DEMANDS — DEFENSE.—A promissory note, given in assumption of an alleged indebtedness which in fact did not exist, has no consideration to support it, and a new promissory note executed in lieu of the first at the date of its maturity also lacks consideration, and this fact may be pleaded in defense to an action thereon.

ID.—CONTRACT—CONSIDERATION.—A promise to perform a legal obligation is not a sufficient consideration for a contract based thereon; neither is the release of a purported claim against one upon whom there rests no legal or moral obligation to pay the same a sufficient consideration for a third party's promise to pay such nonenforceable claim, unless it be upon the compromise of a doubtful or disputed claim.

ID.—RENEWAL OF NOTE—WANT OF CONSIDERATION.—A note given in renewal for one void for want of consideration is, like the first, invalid and unenforceable.

ID.—VOID NOTE—EXTENSION OF TIME OF PAYMENT—LACK OF CONSIDERATION.—Giving an extension of time within which to pay a void note constitutes no consideration for a renewed promise to pay same.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Slosson & Mitchell, for Appellant.

W. E. SoRelle, for Respondent.

SHAW, J.—Action to recover upon a promissory note made by defendant to plaintiff. The case was tried before a jury, which brought in a verdict for defendant. Judgment followed in accordance therewith.

Plaintiff appeals from an order of court denying its motion for a new trial. While admitting the making of the note and nonpayment thereof, defendant insists there was no consideration for its execution. The note was given in renewal of one theretofore executed by defendant to plaintiff under the following circumstances: Under a purported contract made by plaintiff with a corporation known as the Amritam Company there was, on August 21, 1912, claimed to be due to plaintiff from the latter company the sum of $442. This contract was executed on behalf of the Amritam Company, without the corporate seal affixed thereto, by J. S. Benner, secretary and treasurer thereof. No authority was ever conferred upon him to execute such contract; nor was there any ratification thereof. After the alleged liability had been so incurred, defendant acquired an interest in the Amritam Company, and

upon being informed by said Benner, secretary of the company, that the contract constituted a binding obligation of the company, she accompanied him to the office of plaintiff and agreed to assume the alleged indebtedness based upon said proposed contract, then past due, and as evidencing such agreement she executed her note upon the maturity of which she, in renewal thereof, executed the note here involved. Whereupon, plaintiff released said Amritam Company from liability upon the contract.

Conceding the contract was not an obligation of the Amritam Company, as to which there seems to be no doubt (*Black v. Harrison Home Co.*, 155 Cal. 121, [99 Pac. 494]; *Oscar Bonner Oil Co.* v. *Pennsylvania Oil Co.*, 150 Cal. 658, [89 Pac. 613]; *Fontana* v. *Pacific Can Co.*, 129 Cal. 51, [61 Pac. 580]), appellant nevertheless insists that defendant could not avail herself of such fact as a defense to the action based upon the note, and therefore the court erred in permitting defendant to show that the pretended obligation of the Amritam Company to plaintiff which constituted the consideration for executing the note had, in fact, no existence. The consideration for her note was the purported obligation of the company upon this contract; but there was no obligation, either express or implied. This being true, it cannot be said there was any consideration for the execution of the note sued upon. Clearly, if suit had been brought upon the contract against the Amritam Company, no recovery could have been had thereon upon a showing of the facts here presented. And if there was nothing upon which to base an action against the Amritam Company, it must follow that plaintiff, in releasing the company from liability which did not exist, suffered no prejudice by reason thereof. A promise to perform a legal obligation is not a sufficient consideration for a contract based thereon. (*Sullivan* v. *Sullivan*, 99 Cal. 187, [33 Pac. 862].) Neither is the release of a purported claim against one upon whom there rests no legal or moral obligation to pay the same a sufficient consideration for a third party's promise to pay such nonenforceable claim, unless it be upon the compromise of a doubtful or disputed claim. At the time of executing the note there existed no dispute between plaintiff and the Amritam Company; indeed, for aught that appears in the record to the contrary, the company had no knowledge of the existence of the purported contract, or alleged services per-

formed by plaintiff thereunder. In 9 Cyc., page 357, it is said: "So by the weight of authority, where services are rendered to another without any request and under circumstances which do not raise an implied contract on his part to pay for them, a promise founded on motives of honor or gratitude is not on a sufficient consideration." Since the note was executed upon representations to defendant that a binding contract existed between plaintiff and the Amritam Company which obligated the latter to pay to plaintiff a sum of money, she was entitled, in defense of the action, to show there was no such obligation.

A note given in renewal for one void for want of consideration is, like the first, invalid and unenforceable. (Alabama Nat. Bank v. Halsey, 109 Ala. 196, [19 South. 522]; Comings v. Leedy, 114 Mo. 454, [21 S. W. 804]; Cochran v. Perkins, 146 Ala. 689, [40 South. 351].) This being true, it was therefore not error, as claimed by appellant, for the court to instruct the jury that where a note is executed by a payee in renewal of a former note given by him for which there was no consideration, such renewal note is likewise affected with the infirmity in the giving of the first. Giving defendant an extension of ninety days within which to pay a void note constituted no consideration for her renewed promise to pay the same.

There are no other errors presented which merit discussion. The order from which the appeal is prosecuted is affirmed.

Conrey, P. J., and James, J., concurred.