(August 4, 1921.)

THE PAYETTE NATIONAL BANK, a Corporation, Respondent, v. D. L. INGARD, A. T. BISHOP, C. W. YOUNG, J. O. SCRITCHFIELD, and ROSS KENNEDY, Appellants.

[200 Pac. 344.]

BILLS AND NOTES—PAROL EVIDENCE—ADMISSIBILITY TO VARY OR CONTRADICT INDORSEMENT "WITHOUT RECOURSE" — CONTRACT — CONTEMPORANEOUS AGREEMENT—GUARANTOR—UNENFORCEABLE DEMAND AS CONSIDERATION—FORBEARANCE TO SUE.

1. Parol evidence is not admissible to vary or contradict an indorsement without recourse.

2. The indorsement of a note, without recourse, creates an express and complete contract, which, in the absence of fraud or mistake, cannot be varied or contradicted by parol evidence of a contemporaneous agreement by which the indorser undertook to be liable, as guarantor, for the payment of the instrument.

3. A demand which has no real existence is no consideration for the note of a third party given in discharge thereof.

4. Forbearance or a promise to forbear suit upon a claim clearly unenforceable is no consideration sufficient to support a promissory note.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. Isaac F. Smith, Judge.

Action on promissory note. Judgment for plaintiff. *Reversed.*

O. M. Van Duyn and Frank T. Wyman, for Appellants.

The contract whereby the Shearer note was rediscounted was in writing. It was a contract of indorsement without recourse. Any contemporaneous oral agreement to stand

Publisher's Note.

Admissibility of parol evidence to vary effect of indorsement, see notes in 7 Am. St. 366; 15 Ann. Cas. 877; 4 A. L. R. 764; 11 A. L. R. 637.

behind that note became merged in the written agreement, and to admit evidence of any such agreement to change, vary or contradict the written agreement was error. (*Jarratt v. Prosser,* 23 Ida. 382, 130 Pac. 376; *Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44; *Stein v. Fogarty,* 4 Ida. 702, 43 Pac. 681; *Tyson v. Neill,* 8 Ida. 603, 70 Pac. 790; 22 C. J. 1070 et seq.)

This is not merely a rule of evidence but is substantive law.  (22 C. J. 1975; cases cited at note 50.)

The rule is applicable to the contract of indorsement, and one who indorses without recourse cannot be held liable upon any contemporaneous oral agreement to the contrary. (22 C. J. 1094; *Odom Realty Co. v. Central Trust Co.,* 22 Ga. App. 711, 97 S. E. 116; *Cross v. Hollister,* 47 Kan. 652, 28 Pac. 693; *Youngberg v. Nelson,* 51 Minn. 172, 38 Am. St. 497, 53 N. W. 629.)

Forbearance to sue is a valid consideration only when the claim with respect to which forbearance is to be exercised is a valid one.  (8 C. J. 238; *Montgomery v. Grenier,* 117 Minn. 416, 136 N. W. 9; *Nicholson v. Neary,* 77 Wash. 294, 137 Pac. 492; 9 Cyc. 341, 342; *Newell v. Fisher,* 11 Smedes. & M. (Miss.) 431, 49 Am. Dec. 66; *Palfrey v. Portland etc. R. Co.,* 4 Allen (Mass.), 55; *Allen v. Prater,* 35 Ala. 169; Page on Contracts, secs. 617, 618 and 620.)

F. H. Lyon and Ed. R. Coulter, for Respondent.

The note of Shearer was delivered by the respondent to the Fruitland State Bank, and by the transaction which took place between these people on the 15th of June it became the property of the Fruitland State Bank. That of itself is sufficient consideration for the execution of the note by the appellants.  (*Daniels v. Englehart,* 18 Ida. 548, 111 Pac. 3, 39 L. R. A., N. S., 938.)

"But where the transfer by delivery is for a valuable consideration the transferrer may orally warrant the solvency of the parties and guarantee the payment of the paper. If he promises orally that the paper is good and will be paid at

maturity, the promise is not within the statute of frauds, and the promisor is liable thereon in case of nonpayment." (Daniel on Negotiable Instruments, 6th ed., sec. 739a.)

"Doubtful or disputed claims may be compromised and may furnish a sufficient consideration for a bill or a note, provided the maker had knowledge of the facts. Such paper will be good, although the claim itself might have proved to be bad, or although it was a moral and not a legal obligation, was supported merely by a verbal agreement ineffectual under the statute of frauds." (*Rogers v. Stevenson,* 16 Minn. 68; *Nelson v. Diffenderffer,* 178 Mo. App. 48, 163 S. W. 271; *Gering v. School Dist. No. 28,* 76 Neb. 219, 107 N. W. 250; *Demars v. Musser-Sauntry Land, Logging & Mfg. Co.,* 37 Minn. 418, 35 N. W. 1; *City Electric R. Co. v. Floyd County,* 115 Ga. 655, 42 S. E. 45.)

"It is sufficient if parties compromising thought at the time there was a doubtful question between them." (*Bement v. May,* 135 Ind. 664, 34 N. E. 327, 35 N. E. 387; *Hartle v. Stahl,* 27 Md. 157; *Alexander v. Maryland Trust Co.,* 106 Md. 170, 66 Atl. 836; *Read v. Hitchings,* 71 Me. 590; *Wahl v. Barnum,* 116 N. Y. 87, 22 N. E. 280, 5 L. R. A. 623.)

"An agreement to settle and discharge a claim asserted in good faith, whether valid or not, is supported by a sufficient consideration." (*Cowen v. Rouss,* 40 Misc. Rep. 105, 81 N. Y. Supp. 276; *Honeyman v. Jarvis,* 79 Ill. 318; 3 R. C. L., sec. 129.)

BUDGE, J.—This is an action upon a promissory note for $1,776.55, given by appellants to respondent on June 10, 1915.

In their answer appellants admit the execution and delivery of the note, but allege that there was no consideration therefor; that respondent falsely and fraudulently represented to them that if they would give said note it would not look to them for payment; and that relying on said representation they executed and delivered the note as an accommodation to respondent.

From the record it appears that respondent is a banking corporation at Payette, and appellants were officers and directors of the Fruitland State Bank at Fruitland; that the latter bank had made two loans to one Shearer, one for $2,500 and another for $1,700, but being unable to carry both loans had transferred the $1,700 note to respondent by indorsement without recourse; that this note was renewed several times in the same manner; that when said note fell due on June 10, 1915, respondent charged the amount of the note with interest to the account of the Fruitland State Bank, to which the cashier of the latter bank objected; that on June 15, 1915, three officers of respondent bank met appellants, as directors of the Fruitland State Bank, and after a discussion of the Shearer note, appellants gave respondent the note sued upon.

Respondent was permitted over objection to introduce evidence that the cashier of the Fruitland State Bank, at the time the latter bank transferred the first Shearer note to respondent, orally agreed with respondent that the Fruitland State Bank would guarantee the note, and that the note now sued upon was given in consideration of forbearance to sue the Fruitland State Bank upon this oral agreement; while appellants contend that respondent's officers represented to them that the State Bank Examiner would not permit them to continue to carry the Shearer note, that they could not afford to charge it off without making an assessment, that appellants should help them out by giving them the note now sued upon, and that they would never be called upon to pay it.

The cause was tried to the court without a jury and from a judgment in favor of respondent, this appeal is taken.

Appellants make two assignments of error; first, that the court erred in permitting the introduction of testimony as to the alleged oral agreement that the Fruitland State Bank would guarantee the payment of the Shearer note, thus varying the terms of the written contract between the parties, and, second, that the court erred in finding that the note sued upon was given for a valuable consideration.

The general rule is that parol evidence is not admissible to vary or contradict an indorsement without recourse. (4 A. L. R. 794, note IV.)

In *Youngberg v. Nelson,* 51 Minn. 172, 38 Am. St. 497, 53 N. W. 629, the defendant transferred the promissory note of a third party to plaintiff by indorsement "without recourse," and the only question considered was whether evidence of a contemporaneous oral guaranty of payment was admissible. The court held that: "The indorsement of commercial paper, 'without recourse,' creates an express and complete contract, which cannot be varied or contradicted by parol evidence of a contemporaneous agreement by which the indorser undertook to be liable, as guarantor, for the payment of the instrument."

See, also, *Odom Realty Co. v. Central Trust Co.,* 22 Ga. App. 711, 97 S. E. 116, *Cross v. Hollister,* 47 Kan. 652, 28 Pac. 693, and *Smith v. Barner,* 95 Or. 486, 188 Pac. 216.

There is no showing of fraud or mistake in the giving of the indorsement involved in this case, and it must, therefore, be presumed that the whole engagement on the subject covered by the indorsement was reduced to writing.

With respect to the second assignment of error, there are but two considerations presented under the facts of this case: First, was the note now sued upon given in payment of the obligation alleged to be due respondent by reason of the transfer of the Shearer note to it by the Fruitland State Bank? or, second, was it given in consideration of forbearance on the part of respondent to sue the Fruitland State Bank upon the Shearer note?

By its indorsement without recourse, the Fruitland State Bank became the mere assignor of the title of the instrument to respondent, specifically declining to assume any responsibility for its payment. No obligation existed, therefore, on the part of the Fruitland State Bank to pay the Shearer note, nor was any cause of action shown against it thereon.

Under such circumstances, we think the correct rule is that a demand that has no real existence is no consideration for the note of a third party given in discharge thereof. (*Bullock v. Ogburn,* 13 Ala. 346; L. R. A. 1197C, note p. 843; 8 C. J., sec. 354, p. 219, sec. 367, pp. 231, 232, note 67, and sec. 373, p. 238.

In the case of *Pacific Rys. Advertising Co. v. Carr,* 29 Cal. App. 722, 157 Pac. 529, defendant had agreed to assume an alleged indebtedness theretofore incurred by the Amritam Company (of which she was a stockholder), under an unauthorized contract, it having been represented to her that the obligation was binding upon the company. In the course of its opinion the court said:

"Conceding the contract was not an obligation of the Amritam Company, as to which there seems to be no doubt, . . . . the consideration for her note was the purported obligation of the company upon this contract; but there was no obligation, either express or implied. This being true, it cannot be said there was any consideration for the execution of the note sued upon. Clearly, if suit had been brought upon the contract against the Amritam Company, no recovery could have been had thereon upon a showing of the facts here presented; and, if there was nothing upon which to base an action against the Amritam Company, it must follow that plaintiff in releasing the company from liability which did not exist suffered no prejudice by reason thereof. . . . . . Neither is the release of a purported claim against one upon whom there rests no legal . . . . obligation to pay the same a sufficient consideration for a third party's promise to pay such nonenforceable claim."

As is stated in 9 Cyc. 341, it is clear that:

"If the right is not doubtful there is no consideration, for there is neither benefit to the promisor nor detriment to the promisee, and therefore forbearance or a promise to forbear to insist on a claim clearly unenforceable cannot be a consideration."

See, also, *Bank of Ontario v. Hoskins,* 33 Mont. 306, 83 Pac. 493.

The theory of respondent's whole case is that the note sued upon was given in fulfilment of the oral agreement of guaranty that the Shearer note would be paid, even though indorsed to respondent without recourse. There is, therefore, no merit in the suggestion made in respondent's brief that appellants repurchased the Shearer note by giving therefor the note sued upon. The conduct of the parties clearly negatives any such conclusion.

From what has been said it follows that the judgment of the trial court should be reversed, and it is so ordered. Costs are awarded to appellants.

McCarthy and Lee, JJ., concur.

RICE, C. J., Dissenting.—I am unable to concur. The only defense to the note well pleaded was want of consideration. The court found that the note was given for a good consideration. Such a finding is held to be a finding of an ultimate fact and not a conclusion of law. (*Utah Nat. Bank v. Nelson,* 38 Utah, 169, 111 Pac. 907.) There is substantial evidence to support this finding. There was testimony by at least two witnesses on behalf of respondent to the effect that the note sued upon was given in exchange for or payment of the Shearer note. In addition to this the makers of this note all testified that they gave it in order that it might be placed among the loans and discounts of the Payette National Bank for the purpose of deceiving the bank examiner. The final word upon this point is the testimony of Ingard:

"Q. What was the motive for signing the note?

"A. To help the Payette Nat. Bank and in order to charge off the Shearer note which was long past due and would not pass the bank examiner any longer."

It is uniformly held that after the insolvency of a bank the maker of a promissory note, given as "live" paper to deceive the bank examiner, is estopped from showing want

of consideration. (*Hurd v. Kelley,* 78 N. Y. 588, 34 Am.
Rep. 567; *Moore v. Kildall,* 111 Wash. 504, 191 Pac. 394;
*Lyons v. Benney,* 230 Pa. 117, 79 Atl. 250, 34 L. R. A.,
N. S., 105, and note; *Galena Nat. Bank v. Ripley,* 55 Wash.
615, 104 Pac. 807, 26 L. R. A., N. S., 993, and note.)

It would seem that the estoppel should be held to apply
in actions brought by the bank as well as in those brought
by a receiver of an insolvent bank. Presumably such notes
are not given in contemplation of the insolvency of the bank.
Creditors are not deceived, for they do not have access to
the note case of a bank. The deception is practiced against
the bank examiner, who acts on behalf of the government
in the interest of the stockholders as well as the creditors.

The following observation of Ross, J., in the case of *Pauly
v. O'Brien,* 69 Fed. 460, is applicable:

"If, however, this was not really the case, but that, in
truth, the transaction was a mere trick to make it appear to
the government and to the creditors and stockholders of the
bank that it had a valuable note when in fact it did not have
one, the result must be the same, for, when parties employ
legal instruments of an obligatory character for fraudulent
and deceitful purposes, it is sound reason, as well as pure
justice, to leave him bound who has bound himself."

In the case of *Third Nat. Bank of St. Louis v. Reichert,*
101 Mo. App. 242, 73 S. W. 893, the following quotation,
although not necessary to the decision, is worthy of note:

"According to the testimony relied on by the appellant,
he executed the note in question for the distinct purpose of
imposing on any national bank examiner who might investi-
gate the condition of the Chemical Bank. Such examinations
are made for the good of stockholders and the public gener-
ally. They are the means prescribed by law to keep national
banks in sound condition, prevent losses by improvident
or dishonest managers to stockholders and customers, main-
tain public confidence in those institutions, and a stable con-
dition of the country's finances. It is a serious question
whether appellant is not estopped to interpose the defense

of lack of consideration for a note given in the circumstances and for the purpose he says he gave this one. Granting that it was acquired by the respondent after maturity, as it was executed by the appellant to deceive the officer whose duty it was to scrutinize the bank's assets, appellant occupies a weak position on which to withstand the demand of the respondent, who was innocent of actual knowledge of the facts, and would fall a victim to a scheme contrived by other persons to evade the law. Makers of commercial paper who acted from similar bad motives have been held estopped to defend on the ground of want of consideration. (*Mead v. Nat. Bank* (Sup.), 34 N. Y. Supp. 1054; *Winton v. Freeman*, 102 Pa. 366; *Longmire v. Fain*, 89 Tenn. 393, 18 S. W. 70; *Howard v. Palmer*, 64 Me. 86; *Leggett v. Goodrich*, 20 La. Ann. 165, 96 Am. Dec. 388.) The rule is probably universal that a person who engages in a fraudulent transaction will be left without relief from a hurtful consequence which may befall him."

I think the judgment should be affirmed.

Dunn, J., concurs in the dissenting opinion.